212 N.J. Super. 635 (1986)
515 A.2d 1275
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MATTHEW KENT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 16, 1986.
Decided October 7, 1986.
*636 Before Judges MICHELS, SKILLMAN and LANDAU.
*637 John H. Stamler, Union County Prosecutor, attorney for appellant (Steven J. Kaflowitz, Assistant Prosecutor, of counsel and on the letter brief).
Reitman, Parsonnet, Maisel & Duggan, attorneys for respondent (Albert S. Parsonnet, of counsel and on the letter brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
This is an appeal by the State from an order which vacated a seven year term of imprisonment imposed upon defendant for an aggravated sexual assault upon a child under the age of thirteen, in violation of N.J.S.A. 2C:14-2(a)(1), and imposed a four year probationary term conditioned upon his participation in an alcohol and drug treatment program.
Defendant pled guilty to the crime pursuant to a plea bargain under which the prosecutor agreed to recommend that defendant be sentenced to no more than ten years in prison, with two years of parole ineligibility. Defendant stated at the plea hearing that the crime occurred after he entered the apartment of his former girlfriend and found that she was not at home. He went into the bedroom of her ten year old daughter, who had been asleep, and penetrated her with his finger. According to the presentence report, the child told her grandmother shortly after the crime that defendant also had sexual intercourse with her. Defendant stated that he was under the influence of alcohol and cocaine at the time of the crime.
Before sentencing defendant was evaluated by the Adult Diagnostic and Treatment Center at Avenel, which concluded that he was not a "compulsive sex offender" subject to sentencing pursuant to N.J.S.A. 2C:47-3a. A presentence report was submitted by the county probation department, which included a notation that defendant had been admitted to an alcohol clinic at Elizabeth General Medical Center. An addendum to the report stated that defendant had completed an in-patient alcohol *638 treatment program at Fair Oaks Hospital in Summit and that he had been receiving after-care therapy there on a regular basis.
At sentencing another patient testified concerning defendant's successful completion of the alcohol rehabilitation program at Fair Oaks. In addition, letters from several members of the professional staff at Fair Oaks were submitted, which reported that defendant was doing well in their program. The victim's mother also testified on behalf of defendant at sentencing. She stated that defendant was a nice person when sober but that he became violent when intoxicated. The mother expressed her desire that defendant not be imprisoned.
Based on this information the sentencing judge determined, in accordance with N.J.S.A. 2C:44-1f(2), that "the mitigating factors substantially outweigh the aggravating factors" and that "the interests of justice demands" that defendant be sentenced "to a term appropriate to a crime of one degree lower than that of the crime for which he was convicted." Accordingly, on August 23, 1985 defendant was sentenced for the first degree crime of aggravated sexual assault to the presumptive term of imprisonment for a second degree crime, that is, seven years, with no period of parole ineligibility. In concluding that the mitigating factors substantially outweigh the aggravating, the sentencing judge noted that defendant had been previously convicted of only three minor offenses, had worked steadily in recent years and had made "a substantial effort to deal with [his] substantial abuse problems." Nevertheless, the judge concluded that a custodial sentence was required in recognition of the seriousness of the crime and the need for deterrence of others:
The legislature has labeled this type of offense as the highest degree of offense short of murder. A first-degree offense. And the purpose of the legislature in the sentencing scheme that it has established is not only to punish, but to deter others in crimes of this nature, the most important element is the deterrence of others. And, the fact that you yourself may have reached a *639 point where you will be able to deal with your problem and become rehabilitated without incarceration does not answer the issue here.
* * * * * * * *
The mitigating do outweigh the aggravating factors, but there is still the overriding need to deter others. We can't let people believe they can commit sexual assault on little children and walk out of the Court.
Neither the defendant nor the State appealed from this sentence.
Four and a half months after sentence was imposed, defendant filed a motion for reduction of sentence. Defendant had been incarcerated less than six months, including time served prior to sentencing, when the motion was heard. Nothing new was submitted in support of the motion beyond the record before the judge at the time of original sentencing except for a letter from defendant alleging that the alcoholics anonymous program in prison was inadequate, a letter from the county sheriff suggesting leniency towards defendant and another report from Fair Oaks again indicating his success in their program.
After hearing arguments by defense counsel and the prosecutor, the sentencing judge granted defendant's motion, vacated the sentence imposed on August 21, 1985 and imposed a four year probationary sentence. In addition to imposition of a $1,000 fine and a $25 fine payable to the Violent Crimes Compensation Board, the judge imposed the following conditions on defendant's probationary sentence:
(3) He shall enter and complete the rehabilitation program at Fair Oaks, Summit, New Jersey. Whether or not the treatment be out-patient or in-patient shall be the decision of Fair Oaks based upon their opinion of his previous and his present status.
(4) When he completes the program referred to in (3) above, he shall attend Alcoholic Anonymous meetings and obtain continued drug counselling and monitoring.
The sentencing judge gave the following reasons for vacating the custodial sentence he had previously imposed and resentencing defendant to a noncustodial sentence:
The individual that we have, as indicated, being a possibility  probability perhaps of rehabilitation, and I find that there is one here. His basic good *640 character, so to speak, recognizing these other convictions and the circumstances here that have been attested to by Sheriff Froehlich, who knew him as a youth and by a minister who speaks well of him, also. The prior record is minor and I believe basically alcohol and drug related, and I'm satisfied he was under the influence of the substances, perhaps cocaine, also, at the time of the offense and also at the time of the previous offense which has been referred to, although not part of the charges here. But on each occasion it is to be noted that the defendant did not physically harm the child, nor intend harm to the child.
The psychological harm is the thing that makes it a first degree offense, but it did not have  and cannot be overlooked. But there was no physical harm or intent for physical harm and I don't believe, absent the drug  alcoholic influence, Mr. Kent is really a dangerous man at all. And I'm giving him the benefit of the doubt because of these circumstances I indicated.
I feel he is sincere and finally did see the light and voluntarily did enter that program in Fair Oaks and did progress well and was still in the program when he was sentenced by the Court.
Insofar as any deterrence is necessary for this defendant with the time spent in custody before the sentencing, he's now spent a total of almost six months in custody and that's about half of the time before he'd be eligible for parole here.
The most important objective of this Court in the sentence that it imposes and the reason it didn't at that time do as Miss Clark said it could have done if that was the appropriate result; namely, allow him into a substance abuse program, was the necessity to deter others. And for that reason, primarily, I impose the sentence that I have.
But the deterrent effect upon others has basically been served by the imposition of that sentence, and I don't think it will be substantially diminished by releasing the defendant at this time and granting the motion here. The message has gone out, you can expect a prison sentence if you commit a crime of this nature. And I don't believe that there's many people who are going to rely upon the unusual circumstances and the exception that's being made here today when they're considering possibly the commission of this type of an offense.
The need for treatment here has been established by his prior record and by his  and by the program that he attended before sentencing at Fair Oaks and their reports. And I can take judicial notice of the fact in accepting Mr. Parsonnet's representation that there is a waiting list for the program there in the institution and, of course, it would not be in depth such as the program that he was in at the time that he was sentenced by the court.
The State filed a motion for leave to appeal from the new sentence, which we granted. See State v. Williams, 139 N.J. Super. 290, 296-298 (App.Div. 1976), aff'd o.b. 75 N.J. 1 (1977). We now reverse and reimpose the sentence imposed on August 23, 1985.

*641 I.
We conclude that the sentencing judge should not have considered the motion for a change of sentence under the circumstances of this case. The motion was not filed within 60 days or heard within 75 days of entry of the judgment of conviction and hence was not filed within the time limits of R. 3:21-10(a). An exception to these time limitations is provided for a motion seeking an order "changing a custodial sentence to permit entry of the defendant into a custodial or non-custodial treatment or rehabilitation program for drug or alcohol abuse." R. 3:21-10b(1). Such a motion may be filed "at any time." Id.; see State v. Robinson, 148 N.J. Super. 278 (App.Div. 1977). However, where a defendant's need for a drug or alcohol abuse program and the availability of that program are essentially the same when a motion for change of sentence is filed as at the time of original sentencing, the policy of finality of sentences should mandate denial of the motion. In construing R. 3:21-10b(2), which permits resentencing based upon the illness or infirmity of the defendant, the Supreme Court has emphasized the importance of finality of sentences:
In ruling on motions for reduction of sentence pursuant to Federal Rule of Criminal Procedure 35, federal courts have held that "the Court does not grant ordinarily a motion for a reduced-sentence when the ground advanced therefor was considered when the sentence was fixed." [Citations omitted]. Moreover, if Rule 3:21-10(b)(2) were held to provide for review of a sentence in the face of no new circumstances, it would effectively vitiate the time requirements imposed by Rule 3:21-10(a).
Thus, an essential predicate to the review of a custodial sentence pursuant to Rule 3:21-10(b)(2) is that a change of circumstances must have occurred. [State v. Priester, 99 N.J. 123, 136 (1985)]
In view of the large number of prisoners who have drug or alcohol abuse problems, R. 3:21-10b(1) would pose an even greater threat than R. 3:21-10b(2) to the integrity of the time requirements imposed by R. 3:21-10a unless "change of circumstances" is viewed as a prerequisite to relief thereunder. Therefore, we conclude that R. 3:21-10b(1) should be construed in the same manner as the Court construed R. 3:21-10b(2) in Priester and that a "change of circumstances" should be a *642 prerequisite to a change of sentence under both rules. Cf. State v. Dachielle, 195 N.J. Super. 40 (Law Div. 1984).
We are also convinced that there was no material change of circumstances between the original sentencing of defendant on August 23, 1985 and the vacation of that sentence on January 9, 1986. This was not a case, for example, in which a drug or alcohol rehabilitation program first became available, or a defendant's need for such a program first became evident, after sentencing. Rather, at the time of original sentencing defendant already had completed the "in-patient phase" of his treatment program at Fair Oaks and part of the "aftercare" program. In fact, defendant's counsel strenuously urged that defendant's success in the Fair Oaks program, and his need to continue with it, called for leniency in sentencing. Furthermore, the sentencing judge placed heavy reliance on defendant's success in that program in sentencing him for a first degree crime in accordance with the sentencing provisions applicable to second degree crimes. Nothing had changed when defendant's motion for a change in sentence was heard. The information relied upon in support of the motion was essentially the same information which was before the judge at the time of sentencing. And the argument of defendant's counsel in support of the motion was essentially a rerun of his argument at sentencing. In our view, therefore, this case did not provide the appropriate occasion for the invocation of R. 3:21-10b(1) as a predicate for resentencing.

II.
In any event, whether imposed as part of the original sentence or at resentencing, we are convinced that the imposition of a probationary sentence in this case was inconsistent with sentencing provisions of the Code of Criminal Justice. Defendant pled guilty to a first degree crime. Accordingly, the Code required that a sentence of imprisonment be imposed "unless, having regard to the character and condition of the defendant, [the trial judge] is of the opinion that [defendant's] *643 imprisonment would be a serious injustice which overrides the need to deter such conduct by others." N.J.S.A. 2C:44-1d.
In this case the sentencing judge did not make a finding that defendant's imprisonment would be a "serious injustice which overrides the need to deter such conduct by others." Furthermore, the record would not support such a finding. The exception to the statutory mandate that offenders convicted of first and second degree crimes be imprisoned is limited to "truly extraordinary and unanticipated circumstances." State v. Roth, 95 N.J. 334, 358 (1984); see also State v. Hodge, 95 N.J. 369 (1984). The commission of a serious crime while under the influence of alcohol or drugs is certainly not an extraordinary or unusual circumstance. Rather, as the Court observed in Roth, "[m]any crimes arise out of drug and alcohol use." 95 N.J. at 368. It also is not at all uncommon for those accused of serious crimes to seek treatment for their substance abuse problems. Therefore, the availability, or even the success, of such a program is an insufficient basis by itself upon which to conclude that the imprisonment of a first or second degree offender would be a "serious injustice." See State v. Davis, 68 N.J. 69, 86 (1975); State v. McKinney, 140 N.J. Super. 160, 163-164 (App.Div. 1976).
The facts of this case are remarkably similar to those in Roth. Roth like this case involved a guilty plea to aggravated sexual assault by an offender with a severe alcohol dependence and drug abuse problem. And in Roth, as in this case, the sentencing judge accepted the importuning of friends, relatives and drug treatment professionals that the crime was solely the product of defendant's drug and alcohol problems and that he should therefore not be sentenced to prison. Accordingly, Roth was sentenced to five years probation, on the condition that he undergo specified treatment for substance abuse. However, the Court pointed out that "the Code requires an inexorable focus upon the offense when formulating a sentence," 95 N.J. at 367, and concluded that Roth was "not the truly exceptional *644 defendant," 95 N.J. at 368, whose imprisonment would be a serious injustice. Therefore, the Court concluded that the trial judge had not followed the sentencing guidelines of the Code, and it reversed. We are convinced that the same result is required here.
We conclude for these reasons that the sentencing judge erred in granting defendant's motion for a change of sentence. Accordingly, the order of January 23, 1986 imposing a probationary sentence is vacated and the judgment of conviction and sentence imposed on August 23, 1985 is reinstated.