NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5646-14T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

KRIS B. MYERS,

 Defendant-Appellant.
________________________________

 Submitted May 30, 2017 – Decided June 21, 2017

 Before Judges Sabatino and Geiger.

 On appeal from Superior Court of New Jersey,
 Law Division, Camden County, Indictment No.
 13-11-3313.

 Kris Myers, appellant pro se.

 Mary Eva Colalillo, Camden County Prosecutor,
 attorney for respondent (Linda A. Shashoua,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM

 Defendant Kris B. Meyers appeals from a May 5, 2015 order

denying his post-conviction motion for admission into the drug

court program. We affirm.
 I.

 We derive the following facts from the record. Defendant

robbed a food store while armed with a knife. Defendant brandished

a large knife in a case during the robbery to place the store

clerk in fear. Defendant then removed $80 from the store's cash

register. Defendant claims that he committed the robbery because

he was addicted to heroin.

 On November 14, 2013, a Camden County grand jury returned an

indictment charging defendant with first-degree robbery, N.J.S.A.

2C:15-1(a)(2) (count one); third-degree possession of a weapon

(knife) for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count two);

and fourth-degree unlawful possession of a weapon (knife) (count

three).

 On June 25, 2014, defendant entered into a plea agreement

with the State to plead guilty to a downgraded count of second-

degree robbery, N.J.S.A. 2C:15-1(a)(2), in exchange for the

State's dismissal of the other charges, and the State's

recommendation of up to an eight-year term of imprisonment with

the associated eighty-five-percent parole ineligibility period and

mandatory parole supervision under the No Early Release Act (NERA),

N.J.S.A. 2C:43-7.2.

 On September 24, 2014, the trial court sentenced defendant

in accordance with the terms of the plea agreement, imposing a

 2 A-5646-14T4
six-year term of imprisonment, with an eighty-five percent period

of parole ineligibility, followed by a three-year period of parole

supervision. The trial court also imposed applicable fines and

penalties, and dismissed counts two and three.

 On January 14, 2014, defendant moved for a change in custody

to a drug treatment program pursuant to Rule 3:21-10(b)(1). On

February 23, 2015, the trial court denied the motion, finding that

defendant had failed to provide an affidavit of present drug or

alcohol addiction made by a qualified expert. The trial court

further found that defendant had failed to provide documentation

showing that he had been accepted into a New Jersey licensed

treatment program.

 Defendant's sentence was affirmed on direct appeal by a

sentencing panel, which found that his sentence was not manifestly

excessive or unduly punitive and did not constitute an abuse of

discretion. State v. Myers, No. A-2257-14 (App. Div. May 4, 2015).

The Supreme Court denied certification on September 30, 2015.

State v. Myers, 223 N.J. 281 (2015).

 Defendant also moved for admission into drug court. On May

5, 2015, the trial court denied that motion, finding defendant to

be statutorily ineligible for admission into drug court because

he was serving a mandatory minimum period of incarceration.

Defendant presently appeals from that order.

 3 A-5646-14T4
 On May 11, 2015, defendant filed a motion with this court for

permission to seek drug court. We denied defendant's motion on

October 23, 2015.

 Defendant raises the following arguments on appeal:

 POINT ONE

 THE COURT RELIED ON IMPROPER FACTS IN
 DENYING THE DEFENDANT'S MOTION SEEKING
 ADMISSION INTO DRUG COURT PURSUANT TO
 N.J.S.A. 2C:35-14.

 POINT TWO

 THE DEFENDANT SHOULD BE ADMITTED INTO THE
 DRUG COURT PROGRAM BECAUSE HE MEETS THE MOST
 STRINGENT STANDARDS FOR ADMISSION.

 POINT THREE

 THE COURT FAILED TO APPRECIATE THE
 DEFENDANTS DRUG DEPENDENCY, DENYING A FAIR
 CONSIDERATION FOR TREATMENT THROUGH THE NEW
 JERSEY DRUG COURTS.

 II.

 "When an appellate court reviews a trial court's analysis of

a legal issue, it does not owe any special deference to the trial

court's legal interpretation." State v. Schubert, 212 N.J. 295,

303-04 (2012). "'[A]ppellate review of legal determinations is

plenary.'" Id. at 304 (quoting State v. Handy, 206 N.J. 39, 45

(2011)). The issues presented here are legal in nature, and thus

our review is plenary. See State v. Maurer, 438 N.J. Super. 402,

411 (App. Div. 2014).

 4 A-5646-14T4
 "Drug Courts are specialized courts within the Superior Court

that target drug-involved 'offenders who are most likely to benefit

from treatment and do not pose a risk to public safety.'" State

v. Meyer, 192 N.J. 421, 428-29 (2007) (quoting Manual for Operation

of Adult Drug Courts in New Jersey (Manual) at 3 (July 2002)).

The basic objective of N.J.S.A. 2C:35-14 (the Drug Court statute)

"is to allow deserving prison-bound offenders the opportunity for

'special; probation,' an opportunity to recover from the throes

of their addiction and the cycle of their involvement with the

criminal justice system." Id. at 428.

 At the time defendant engaged in plea negotiations with the

State, he was under indictment for first-degree robbery.

Conviction of a first-degree crime renders a defendant ineligible

for special probation under N.J.S.A. 2C:35-14 (the Drug Court

statute). N.J.S.A. 2C:35-14(b)(1). Although defendant ultimately

was not convicted of first-degree robbery, he did not apply for

admission into Drug Court before sentencing, let alone before

entering into the plea agreement. The plea agreement did not

indicate defendant's intention to apply to Drug Court or reserve

his right to do so. Defendant did not move to withdraw his guilty

plea. Instead, defendant first sought admission into Drug Court

while he was already serving his NERA prison term.

 5 A-5646-14T4
 We discern no error in the trial court's denial of defendant's

motion for a change in custody to a drug treatment program pursuant

to Rule 3:21-10(b)(1). Under Rule 3:21-10(b)(1), an order may be

entered during a custodial term to permit a defendant to enter a

treatment or rehabilitation program for drug or alcohol addiction.

"However, when a parole ineligibility minimum term is required by

statute, a court has no jurisdiction to consider a R. 3:21-10(b)

application." State v. Brown, 384 N.J. Super. 191, 194 (App. Div.

2006). Defendant is still serving the parole ineligibility period

of a NERA term, rendering him ineligible for relief under the

specific pathway of Rule 3:21-10(b)(1). State v. Le, 354 N.J.

Super. 91 (Law Div. 2002); see also State v. Diggs, 333 N.J. Super.

7, 8 (App. Div.), certif. denied, 165 N.J. 678 (2000) (inmate

serving period of parole ineligibility pursuant to N.J.S.A. 2C:35-

7 cannot be transferred to a drug treatment program until the

expiration of the minimum term); State v. Mendel, 212 N.J. Super.

110, 113-14 (App. Div. 1986) (inmate serving mandatory minimum

term under the Graves Act, N.J.S.A. 2C:43-6(c), is ineligible for

relief under Rule 3:32-10(b)(1)).

 As the trial court also correctly noted, defendant failed to

provide an affidavit of present drug or alcohol addiction made by

a qualified expert in support of his motion. He also failed to

 6 A-5646-14T4
provide documentation showing that he had been accepted into a New

Jersey licensed treatment program.

 On an application for transfer to a narcotics
 treatment program the burden rests upon the
 applicant to establish that he is an
 appropriate candidate for such relief. To
 that end, he is obliged to establish such
 facts as would move the judge to exercise his
 discretion favorably. The mere assertion or
 even proof that he is willing to participate
 in such programs or that institutions offering
 such programs would accept him as a patient
 is insufficient.

 [State v. McKinney, 140 N.J. Super. 160, 163
 (App. Div. 1976).]

 "A motion filed pursuant to [Rule 3:21-10(b)] shall be

accompanied by supporting affidavits and such other documents and

papers as set forth the basis for the relief sought." R. 3:21-

10(c). For this additional reason, defendant's motion was properly

denied as a result of his failure to submit appropriate supporting

affidavits and documents. See McKinney, supra, 140 N.J. Super.

at 163-64.

 Defendant further contends that the trial court erred by

denying his post-judgment motion for admission into Drug Court.

We disagree. The trial court found defendant ineligible for Drug

Court based on his conviction for second-degree robbery.

 Prior to 2012, a charge or conviction for second-degree

robbery made a defendant ineligible for special; probation. State

 7 A-5646-14T4
v. Ancrum, ___ N.J. Super. ___, ___ (App. Div. 2017) (slip op. at

10-11). However, in 2012, the Legislature amended N.J.S.A. 2c:35-

14(a)(7) to remove robbery from the list of ineligible pending

charges, and N.J.S.A. 2C:35-14(b)(2) to exclude second-degree

robbery from the ineligible NERA offenses. Ibid. The Legislature

broadened the scope of special probation to allow individuals

convicted of second-degree robbery to be eligible for Drug Court.

While the trial court incorrectly ruled that defendant was

statutorily ineligible for Drug Court, we affirm the denial of

defendant's motion for admission to Drug Court, reaching this

conclusion for a different reason than that expressed by the trial

court.1

 "The procedure for admission to and participation in Drug

Court is set forth in the Manual because 'Drug Courts are a

creature of the judiciary'. . . ." Maurer, supra, 438 N.J. Super.

at 412 (quoting State v. Clarke, 203 N.J. 166, 174 (2010) (citation

and internal quotation marks omitted)). The Manual contemplates

the filing of applications for admission to Drug Court prior to

sentencing, not thereafter. "Defendants may make application to

the drug court program at any time following an arrest and up to

1
 See State v. Heisler, 422 N.J. Super. 399, 416 (App. Div. 2011)
(stating an appellate court is "free to affirm the trial court's
decision on grounds different from those relied upon by the trial
court").

 8 A-5646-14T4
plea cutoff." Manual, supra, at 19. In addition, a sentencing

judge reviewing a violation of probation (VOP) report "may consider

making a referral to Drug Court if the offender appears to be

incapable of responding to traditional probationary supervision

and would benefit from participation in Drug Court." Id. at 20.

If that occurs, "the VOP hearing should be adjourned so that an

application to drug court can be processed." Ibid. The third

avenue for admission into Drug Court is on motion of the defendant,

or the court's own motion. N.J.S.A. 2C:35-14. "If an applicant

is found both legally and clinically acceptable for the drug court

program, a formal plea bargain should therefore be offered to the

applicant defendant which identifies drug court participation as

an alternative sentence. Id. at 23.

 Defendant did not move for admission to Drug Court until

2015, considerably after he was sentenced and began serving a NERA

term in State prison. We are aware of no authority permitting a

defendant to seek admission to drug court while serving a prison

term. His application was untimely and properly denied.

 Our ruling is without prejudice to defendant seeking post-

conviction relief due to any alleged ineffective assistance of his

prior counsel. We intimate here no views about the merits of such

a future application.

 Affirmed.

 9 A-5646-14T4