140 N.J. Super. 160 (1976)
355 A.2d 693
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN McKINNEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 10, 1976.
Decided March 3, 1976.
*162 Before Judges LYNCH, LARNER and HORN.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Edward P. Hannigan, Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General, attorney for respondent (Mr. Michael R. Ascher, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by HORN, J.A.D.
A jury found defendant guilty of entering with intent to steal, larceny and assault and battery upon a police officer, following which the trial judge sentenced him to a two to three-year term in State Prison for the entering, a concurrent one to two-year term for the larceny and a consecutive one to two-year term for the assault. He took no appeal.
Subsequently he applied for "post conviction relief" which turned out to be a motion for transfer to a narcotics treatment program. Defendant appeals from the trial judge's denial of that relief. Although defendant should have applied for the specific relief which he sought by a motion pursuant to R. 3:21-10(b)[1] the judge considered the application as if the appropriate motion had been made. We do the same.
The only proof offered at the hearing below was that two narcotics treatment institutions would accept him as an inpatient.
*163 Although we affirm the ruling of the trial judge because we find no abuse of discretion we feel that there are additional reasons not referred to by him which support his decision.
On an application for transfer to a narcotics treatment program the burden rests upon the applicant to establish that he is an appropriate candidate for such relief. To that end, he is obliged to establish such facts as would move the judge to exercise his discretion favorably. The mere assertion or even proof that he is willing to participate in such extramural programs or that institutions offering such programs would accept him as a patient is insufficient.
Although R. 3:21-10(b) evidences a policy to facilitate rehabilitation of drug addicts in the hope that they may be restored to good health and become useful citizens in the community, State v. Davis, 68 N.J. 69, 84-85 (1975), such a policy competes with the policy to protect our citizens against all violators, whether they are repeating violators or not. The welfare of our citizens should be first and foremost. This therefore calls upon trial judges to be particularly circumspect in their consideration of such applications. As stated in State v. Davis, supra at 86: "The ultimate issue for determination is whether the purposes for which the custodial sentence * * * might reasonably be continued outweigh the interests sought to be served by transfer to a narcotics treatment center."
In the instant case there was no proof that defendant was an addict, a fundamental finding under the rule. Moreover, he failed to allege any affirmative intramural actions which would manifest a desire to rehabilitate himself, such as participating in group or individual drug-therapy programs currently available in most, if not all, of our institutions. An applicant's failure to take advantage of these programs may well create an aura of suspicion with respect to his sincerity in applying for an opportunity to secure treatment on a noncustodial basis.
*164 Assuming a bona fide motivation on the part of the applicant and a criminal record which does not militate against the granting of relief, the judge must further conclude that if the relief is granted there is a reasonable probability that the applicant will successfully complete the program, will assume his proper and rightful place in society without violation of the law, and that his release is not incompatible with the welfare of society. See N.J.S.A. 30:4-123.14.
The provisions added by the rule amendment mandate that an R. 3:21-10(b)(1) application to enable a defendant in custody to be transferred into a custodial or noncustodial treatment or rehabilitation program be accompanied by supporting affidavits and such other documents and papers as set forth the basis for such relief. A hearing shall be afforded only if the submitted material evidences that there is at least a prima facie showing of merit in the application in the light of the criteria referred to above. Of course, even if a hearing is conducted, the judge may reject the application on a weighing of all the proofs.
Defendant in the instant case failed to furnish any basis calling for favorable action on the part of the trial judge.
Accordingly, the denial of the application is affirmed.
NOTES
[1] The rule was amended effective September 8, 1975.