212 N.J. Super. 110 (1986)
514 A.2d 67
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GEORGE MENDEL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted July 29, 1986.
Decided August 8, 1986.
*111 Before Judges GAYNOR and STERN.
*112 Thomas S. Smith, Jr., Acting Public Defender, attorney for appellant (Karen E. Truncale, designated counsel and on the letter brief).
W. Cary Edwards, Attorney General, attorney for respondent (Mary Ellen Halloran, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by STERN, J.S.C. (temporarily assigned).
Defendant appeals from the denial of his application for change or reduction of sentence under R. 3:21-10(b)(1). He had previously pled guilty to two counts of an indictment charging him, respectively, with robbery, contrary to N.J.S.A. 2C:15-1 and conspiracy to rob, in violation of N.J.S.A. 2C:5-2.[1] The court imposed two concurrent eight year sentences, with four years to be served before parole eligibility on each. At the time of defendant's application under R. 3:21-10(b)(1), which permits a motion for change of sentence "at any time", defendant had served less than three years on the sentence.
In this case, the judge apparently denied the motion on the grounds that defendant was serving an ineligibility term. There is a distinction between an ineligibility term required by statute and one imposed as a matter of discretion by the court. See N.J.S.A. 2C:43-6b; 43-7b; 44-3. Compare N.J.S.A. 2C:11-3b, 14-6, 43-6c, 43-7c, 44-3d. An application may be made under R. 3:21-10 when the defendant is serving a parole ineligibility *113 term imposed by the court but not required by statute as a mandatory sentence. When defendant is serving a period of parole ineligibility imposed as a matter of discretion, the court can consider an application under R. 3:21-10(b) in accordance with the standards for consideration of such an application. See e.g., State v. Priester, 99 N.J. 123 (1985); State v. Tumminello, 70 N.J. 187 (1976); State v. Davis, 68 N.J. 69, 84-86 (1975). State v. McKinney, 140 N.J. Super. 160, 163 (App.Div. 1976). The court should also, of course, consider the aggravating and mitigating factors which led to the sentence originally imposed including an ineligibility term.
However, a sentence cannot be changed or reduced under R. 3:21-10(b) below the parole ineligibility term required by statute. See N.J.S.A. 2C:43-6c. See also State v. DesMarets, 92 N.J. 62 (1983). R. 3:21-10(b) was never intended to permit the change or reduction of a custodial sentence which is required by law. See State v. Stanley, 149 N.J. Super. 326, 328 (App.Div. 1977); see also Report, Supreme Court Committee on Criminal Practice, 99 N.J.L.J. 393, 395 (1976). In any event, R. 3:21-10 must be read in light of those provisions of the Code of Criminal Justice which require parole ineligibility terms. Where a parole ineligibility term is required or mandated by statute, an application may not be granted under R. 3:21-10(b) so as to change or reduce that sentence.
Accordingly, we hold that when defendant is serving a sentence required by the Graves Act he may not make an application under R. 3:21-10(b).[2] Where defendant is serving a parole ineligibility term above that required to be served as a minimum mandatory period of parole ineligibility, the application can be considered under R. 3:21-10(b) consistent with case law and based on circumstances appearing after completion of *114 the parole ineligibility term required by statute.[3] As the defendant was still serving the three year minimum ineligibility term required by the Graves Act in this case, see N.J.S.A. 2C:43-6c, the court could not change or reduce the sentence under R. 3:21-10(b)(1) at the time the application was filed.
Accordingly, the motion denying the change or reduction of sentence is affirmed.
NOTES
[1] No issue is projected with respect to merger of the conspiracy to rob into the robbery, see e.g., State v. Truglia, 97 N.J. 513 (1984) and it appears that cooperation with the prosecutor was the basis for approval by the court of the downgrade of the first degree armed robbery to second degree robbery. See Supreme Court Memorandum, April 27, 1981 appended to N.J.S.A. 2C:43-6, West 1982 ed. at 186-188. See also State v. White, 98 N.J. 122 (1984), requiring a parole ineligibility term where the court finds that defendant used or possessed a handgun as an accomplice (even if acquitted of first degree armed robbery).
[2] This holding relates to the issue left unresolved by footnote 2 in State v. Trippiedi, 204 N.J. Super. 422, 428 (App.Div. 1985). Our opinion does not preclude timely application and consideration of motions under R. 3:21-10(a) for reduction of a sentence subject to the mandatory minimum required by law.
[3] R. 3:21-10(b)(2) was designed to permit discharge or transfer of prisoners, and an application may not be brought under that rule to otherwise reduce the sentence or ineligibility term. See State v. Priester, supra, 99 N.J. at 141.