229 N.J. Super. 184 (1988)
550 A.2d 1301
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JONATHAN MACK FARRINGTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 29, 1988.
Decided December 16, 1988.
*185 Before Judges O'BRIEN and STERN.
Clair Drugach, Assistant Deputy Public Defender, argued the cause for appellant (Alfred A. Slocum, Public Defender, attorney).
James E. Jones, Jr., Deputy Attorney General, argued the cause for respondent (W. Cary Edwards, Attorney General, attorney).
PER CURIAM.
Defendant appeals from the denial of his motion for change or reduction of sentence, pursuant to R. 3:21-10(b)(1), to permit his transfer to an outpatient drug treatment program. Defendant is serving a sentence of 20 years, with a five year period of parole ineligibility, for armed robbery with a knife. The parole ineligibility term was imposed as a matter of discretion pursuant *186 to N.J.S.A. 2C:43-6b.[1] We reverse and remand for further proceedings.
In her letter denying defendant's motion the trial judge stated:
I am returning your Notice of Motion for Transfer to a Non-Custodial Drug Rehabilitation and Treatment Program since I cannot consider it while you are serving a period of parole ineligibility. In addition, your Motion does not conform to the standards of R. 3:21-10 and I cannot consider it over the objections of the Prosecutor.
Since the trial judge imposed a period of parole ineligibility as a matter of discretion, and not because a parole ineligibility term or mandatory minimum term was required by statute, the trial judge had jurisdiction to consider the application. See State v. Mendel, 212 N.J. Super. 110 (App.Div. 1986). In reviewing the motion for transfer, the trial judge should, of course, consider the standards for evaluation of such an application by considering the aggravating and mitigating factors which resulted in her initial determination to incarcerate defendant with an ineligibility term. See e.g., State v. Davis, 68 N.J. 69, 84-86 (1975); State v. McKinney, 140 N.J. Super. 160, 163-164 (App. Div. 1976); State v. Dachielle, 195 N.J. Super. 40, 46-48 (Law Div. 1984). In evaluating the motion, the trial judge may also determine that the supporting materials were insufficient to warrant a hearing, see R. 3:21-10(c), but the application cannot be denied merely because defendant was serving a parole ineligibility term imposed as a matter of discretion. Neither could it be denied because of the absence of prosecutorial consent. While R. 3:21-10(b)(3) permits a change of sentence for good cause upon joint application by the defendant and *187 prosecuting attorney, R. 3:21-10(b)(1) permits such an application to be considered in the absence of joint application.
Accordingly, the order under review is reversed and the matter is remanded for further proceedings consistent with this opinion.
NOTES
[1] The sentence rendered on December 12, 1984 was made concurrent with other sentences simultaneously imposed and with a sentence aggregating ten years with five years parole ineligibility defendant was then serving. Although the record before does not include the prior disposition, the presentence report reflects such an aggregate sentence imposed on a violation of probation approximately 5 1/2 months before. The parties have not suggested that defendant was serving any parole ineligibility term mandated by statute.