252 N.J. Super. 456 (1991)
599 A.2d 1315
STATE OF NEW JERSEY, PLAINTIFF,
v.
ROBERT DEJESUS, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal), Camden County.
Decided August 9, 1991.
*457 Gary S. Menschenfreund for plaintiff.
Leonard S. Baker for defendant.
NATAL, J.S.C.
Defendant moved for a reconsideration of his sentence to permit his transfer to a drug-treatment program under R. 3:21-10(b). Defendant presently is serving a sentence under count one of accusation 482-02-91 for possession of heroin, a controlled dangerous substance, with intent to distribute, a third-degree offense in violation of N.J.S.A. 2C:35-5, under an extended term N.J.S.A. 2C:43-6f and -7c, of nine years New Jersey State Prison, three years without parole, $1000 DEDR penalty, $50 forensic laboratory fee, six months loss of driver's license, and $30 violent crime penalty.
Defendant also is serving a concurrent sentence under count one of indictment XXXX-XX-XX for possession of heroin, a controlled dangerous substance, a third-degree offense pursuant to N.J.S.A. 2C:35-10a(1), of five years New Jersey State Prison, one year without parole, $1000 DEDR penalty, $50 forensic laboratory fee, a consecutive six months loss of driver's license, and a $30 violent crime penalty.
Additionally, defendant is serving a sentence for violation of probation under indictment XXXX-X-XX as a result of committing the aforementioned offenses while on probation. Defendant received a five-year sentence to New Jersey State Prison, two *458 and one-half years to be served without eligibility for parole, on the underlying offense of distribution of a controlled dangerous substance under N.J.S.A. 2C:35-5a(1)/2C:35-5b(3). This sentence runs concurrently with the previously described sentences.
Defendant's sentences are the result of pleas of guilty pursuant to a plea agreement and upon motion of the prosecutor under N.J.S.A. 2C:43-6f. On February 17, 1989, defendant had been sentenced under indictment XXXX-X-XX for possession of a controlled dangerous substance with the intent to distribute, under N.J.S.A. 2C:35-5a/2C:35-5b(3), a third-degree offense, to four years probation. Defendant was served with a copy of the rules of probation on February 17, 1989. Defendant stopped paying his DEDR penalty after November 14, 1989 and failed to perform the requisite community service after October 31, 1990. Defendant also did not remain drug-free. On three occasions his urine samples tested positive for drugs, and he twice admitted, during office visits, that he had used drugs. In addition, defendant pleaded guilty to two new offenses he committed while on probation.
The court weighed the aggravating and mitigating factors and found that it could go along with the plea bargain and sentenced defendant accordingly on April 5, 1991. Approximately four months later, on August 9, 1991, defendant petitioned the court for a reconsideration of his sentence. Defendant argued that despite the fact that he had not served his period of parole ineligibility, he was eligible for a reconsideration of his sentence under R. 3:21-10(b). Further, defendant argued that State v. Mendel, 212 N.J. Super. 110, 514 A.2d 67 (App.Div. 1986), did not apply because defendant's period of parole ineligibility was imposed as a matter of judicial discretion and was not mandated by the statute controlling the offense, N.J.S.A. 2C:35-5b(3).
Thus, the primary determination facing the court is whether the period of parole ineligibility imposed under count one of *459 accusation 482-2-91, for a second offense of possession of a controlled dangerous substance with intent to distribute in violation of N.J.S.A. 2C:43-6f, is a matter of judicial discretion or mandated by statute. If the former, the trial court has jurisdiction to consider the motion. The court could then consider the aggravating and mitigating factors with which it made its initial determination as well as the sufficiency of the supporting documents required by R. 3:21-10(c) and proceed to a decision on the reconsideration motion on that basis. The court, however, could not deny the motion solely because defendant was serving a term of parole ineligibility imposed by judicial discretion. State v. Farrington, 229 N.J. Super. 184, 186, 550 A.2d 1301 (App.Div. 1988).
In Farrington, defendant was serving a sentence of 20 years in the New Jersey State Prison with five years of parole ineligibility for armed robbery with a knife. Defendant made a motion for transfer to a non-custodial drug treatment program pursuant to R. 3:21-10b(1), a motion similar to that being considered in the present case. In reversing the trial court's refusal to consider the motion before the period of parole ineligibility had been served, the appellate court found the period of parole ineligibility was imposed as a matter of discretion pursuant to N.J.S.A. 2C:43-6b. Therefore, the court was not barred from considering the motion even though defendant had not finished serving the period of parole ineligibility.
An entirely different situation is created when a parole ineligibility period is mandated by statute. Although R. 3:21-10(b) states that a motion for reconsideration of sentence, in order to permit transfer to a drug treatment program, can be made "at any time," the application of this rule has been limited by case law. Specifically, "[w]here a parole ineligibility term is required or mandated by statute, an application may not be granted under R. 3:21-10(b) so as to change or reduce that sentence." State v. Mendel, 212 N.J. Super. 110, 113, 514 A.2d 67 (App.Div. 1986). Thus, the determination to be made is *460 whether N.J.S.A. 2C:43-6f, the controlling statute in this case, mandates a period of parole ineligibility.
The first step in this determination is to examine the language of the statute. N.J.S.A. 2C:43-6f states:
[a] person convicted of manufacturing, distributing, dispensing or possessing with intent to distribute any dangerous substance ... under N.J.S. 2C:35-5,... who has been previously convicted of manufacturing, distributing, dispensing or possessing with intent to distribute any dangerous substance . .., shall upon application of the prosecuting attorney be sentenced by the court to an extended term as authorized by subsection c. of N.J.S. 2C:43-7, notwithstanding that extended terms are ordinarily discretionary with the court. The term of imprisonment shall ... include the imposition of a minimum term. The minimum term shall be fixed at, or between, one-third and one-half of the sentence imposed by the court or three years, whichever is greater, ... during which the defendant shall be ineligible for parole. [Emphasis supplied]
It has been well-established that the legislative intent regarding the word "shall" is that it is mandatory. "[T]here is a presumption that the word `shall' ... is used in an imperative and not a directory sense, and while this presumption is not a conclusive one it can only be overthrown by something in the character of the legislation or in the context which will justify a different meaning." Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162, 166, 110 A.2d 110 (1954). See also State v. Duva, 192 N.J. Super. 418, 470 A.2d 53 (Law Div. 1983) (in statute that describes penalty for driving while on the revoked list the presumption is that the word "shall" is mandatory). Nothing in the statute requires an alternative to the imperative sense. The wording of N.J.S.A. 2C:43-6f clearly indicates that the Legislature contemplated a mandatory meaning. To state that extended terms are "ordinarily discretionary" is to recognize that extended terms given under this statute are unlike those controlled by judicial discretion and therefore, are mandatory.
The legislative statement of the public policy behind the Comprehensive Drug Reform Act of 1986 found in N.J.S.A. 2C:35-1.1 also supports this view. The Legislature made it clear that drug-related crime is of great concern, and that the battle against such crime "must be waged aggressively." *461 N.J.S.A. 2C:35-1.1(c). In particular, "our criminal laws must target for expedited prosecution and enhanced punishment those repeat drug offenders...." N.J.S.A. 2C:35-1.1(c).
This is not to say that the statute excludes all discretion. The statute does contemplate that some discretion reside with the prosecuting attorney. According to the language of the statute, the prosecutor may choose not to make an application for an extended term. Once the prosecutor makes such a motion, however, the court is bound to give such a sentence as the statute requires. The period of parole ineligibility is then imposed by mandate, not as a matter of judicial discretion.
Thus, while this court recognizes that some discretion exists in the statute, it is not the type of judicial discretion that is discussed in State v. Farrington, supra, that would give a trial court jurisdiction to change or reduce a sentence before the period of parole ineligibility had been served. Rather, the situation more closely resembles State v. Mendel, supra, where it has been determined that a sentence may not be reconsidered where a period of statutorily mandated parole ineligibility has yet to be completed.
The court notes that Mendel was decided on August 8, 1986 while the Comprehensive Drug Reform Act of 1986 did not become effective until June 22, 1987. The statutes under consideration were therefore not yet in existence at the time of Mendel. There are some parallels to be drawn, however. In Mendel, the period of parole ineligibility was imposed pursuant to the Graves Act. The Graves Act was enacted to enhance the penalty for the use of guns in the commission of crime. N.J.S.A. 2C:43-6c. Because a similar goal of enhancement has been articulated in the Comprehensive Drug Reform Act of 1986, it is a logical extension to apply the principles of Mendel to sentences under N.J.S.A. 2C:43-6f for repeat drug offenders.
Therefore, this court finds that parole eligibility periods that become mandatory upon prosecutorial motion are similar to those mandated by the statute controlling the offense and thus *462 must be treated in the same manner. As a result, this court finds that a defendant sentenced to an extended term under N.J.S.A. 2C:43-6f as a repeat drug-offender may not apply for a reconsideration of sentence until the mandatorily imposed term of parole ineligibility has been served. The court finds that to do otherwise would be to act against the stated policy of the Legislature which is to impose greater penalties for repeat drug offenses.
Defendant has only just begun to serve the punitive portion of his sentence. Therefore, a motion to change or reduce defendant's sentence in order to enter a drug treatment program will not be considered so long as defendant is subject to a period of parole ineligibility under N.J.S.A. 2C:43-6f.
The motion for reconsideration of sentence is hereby denied.