754 A.2d 561 (2000)
333 N.J. Super. 7
STATE of New Jersey, Plaintiff-Respondent,
v.
Matthew DIGGS, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 2000.
Decided July 13, 2000.
J. Michael Blake, Assistant Deputy Public Defender, for defendant-appellant (Ivelisse Torres, Public Defender, attorney; Mr. Blake, of counsel and on the brief).
Jack L. Weinberg, Assistant Prosecutor, for plaintiff-respondent (Lee A. Solomon, Camden County Prosecutor, attorney; Mr. Weinberg, of counsel and on the brief).
*562 Before Judges KEEFE, A.A. RODRÍGUEZ and COLLESTER.
The opinion of the court is delivered by RODRIGUEZ, A.A., J.A.D.
The issue presented in this appeal is whether a defendant serving a term that includes a period of parole ineligibility, pursuant to N.J.S.A. 2C:35-7, is eligible for transfer to a drug treatment program pursuant to R. 3:21-10(b) prior to the expiration of the parole ineligibility period. We hold that a period of parole ineligibility imposed pursuant to N.J.S.A. 2C:35-7 is mandatory. Therefore, a defendant serving such a sentence cannot be transferred to a drug treatment program until the expiration of the minimum term.
These are the salient facts. Following an agreement with the State, defendant, Matthew Diggs, entered a plea of guilty to two separate charges of third degree possession of cocaine with intent to distribute while within 1,000 feet of school property, N.J.S.A. 2C:35-7. In exchange, the State agreed to dismiss all pending charges against him and to recommend the following sentences: a four-year term with a three-year period of parole ineligibility, and a consecutive three-year term with a one-year period of parole ineligibility. The agreement also provided that if defendant failed to appear at sentencing, the prosecutor's sentence recommendation would be withdrawn.
Defendant failed to appear for sentencing. Thereafter, he was arrested on a warrant. After a hearing, the judge determined that the failure to appear for sentencing was willful and without good cause. The judge then imposed two consecutive five-year terms with corresponding threeyear periods of parole ineligibility. We affirmed defendant's sentences.[1]
Almost three years after being sentenced, defendant filed a pro se motion for a change of sentence to a drug treatment program pursuant to R. 3:21-10(b). A different judge denied the motion, without a hearing. The judge wrote to defendant, "the relief you are requesting is not available because ... you are required by statute to first serve the period of parole ineligibility." Defendant appealed the denial contending that because the period of parole ineligibility provided by N.J.S.A. 2C:35-7 is not mandatory, the judge erred in automatically denying the motion. This matter was scheduled to be heard on the excessive sentencing oral argument calendar. However, on our motion we transferred it to the plenary calendar.[2]
We now affirm for the following reasons. In State v. Des Marets, 92 N.J. 62, 77, 455 A.2d 1074 (1983), the Supreme Court held that courts could not suspend sentences containing minimum periods of parole ineligibility mandated by the Graves Act, N.J.S.A. 2C:43-6c to -6d. Des Marets rested on the Supreme Court's recognition of legislative intent that there be "absolute certainty" of incarceration. Id. at 88, 455 A.2d 1074; see also State v. Dillihay, 127 N.J. 42, 53,601 A.2d 1149 (1992) (discussing extensively the legislative purpose behind the school zone statute). Following Des Marets, we held in State v. Mendel, 212 N.J.Super. 110, 113, 514 A.2d 67 (App. Div.1986), that "[w]here a parole ineligibility term is required or mandated by statute, an application may not be granted under R. 3:21-10(b) so as to change or reduce that sentence." In Mendel, the defendant was serving a term with a minimum term mandated by the Graves Act. The Mendel decision distinguished "between an ineligibility term required by statute and one imposed as a matter of discretion by the court." Id. at 112, 514 A.2d 67.
The distinction drawn in Mendel was followed in State v. Farrington, 229 N.J.Super. 184, 186, 550 A.2d 1301 (App. Div.1988), where we reversed the denial of *563 a motion for change of sentence when a defendant was serving a discretionary minimum term pursuant to N.J.S.A. 2C:43-6b. We held that because the parole ineligibility term was not required by statute, "the trial judge had jurisdiction to consider the application." Ibid.
Here, defendant contends that the periods of parole ineligibility that he is serving are discretionary. He argues that because parole ineligibility terms mandated by N.J.S.A. 2C:35-7 can be waived at the discretion of the prosecutor pursuant to N.J.S.A. 2C:35-12, they are not mandatory. We disagree. The prosecutor's waiver of a minimum term is subject to judicial review for the purpose of reducing statewide disparity in the exercise of the prosecutor's discretion and compliance with the Attorney General's Guidelines. See State v. Brimage, 153 N.J. 1, 3-4, 706 A.2d 1096 (1998). Assuming that the prosecutor's refusal to waive is not contrary to the Guidelines, a trial court is mandated by N.J.S.A. 2C:35-7 to impose a minimum term. In other words, the trial court has no discretion to decide whether the term should be imposed or not. The trial court merely determines if the prosecutor's waiver or non-waiver is in accordance with the statewide Guidelines.
In State v. Vasquez, 129 N.J. 189, 201, 609 A.2d 29 (1992), the Supreme Court held that when a period of parole ineligibility is waived by the prosecutor pursuant to a plea agreement, on resentencing following a violation of probation the judge was not compelled to impose a minimum term. As the State's brief points out, by implication this holding requires that when the minimum term is not waived at all N.J.S.A. 2C:35-7 mandates that one be imposed. Thus, we disagree with the proposition that minimum terms required by N.J.S.A. 2C:35-7 are discretionary rather than mandatory.
Defendant also argues that pursuant to State v. Shaw, 131 N.J. 1, 618 A.2d 294 (1993), the minimum term imposed on him was not mandatory, but within the discretion of the sentencing judge because the State had waived the minimum term, albeit conditionally. We disagree. In Shaw, the Supreme Court held that the prosecutor can waive a minimum term on the condition that defendant appear for sentencing. Id. at 9, 618 A.2d 294. However, if defendant fails to appear for sentencing, the judge should not automatically impose the minimum term. Id. at 16, 618 A.2d 294. Instead, the judge must determine whether the non-appearance in court is material to the plea agreement and warrants revocation of the waiver of mandatory sentence. Id. at 17, 618 A.2d 294.
As to this issue, our analysis remains the same. If the trial court determines that the prosecutor is permitted to revoke it is obligated to impose a minimum term. Once again, the trial court does not decide whether or not a minimum term is warranted. The trial court merely decides whether the prosecutor's conditional waiver should stand in light of defendant's nonappearance at sentence. Because the trial judge found defendant's cause, the prosecutor's revocation of the waiver of the minimum term was permitted. Thus, the judge was obligated to impose the minimum sentence.
Affirmed.
NOTES
[1] State v. Matthew Diggs, No. A-200-95T4, (App.Div. January 9, 1997).,
[2] State v. Matthew Diggs, No. A-6827-97T4 (App.Div. May 25, 1999).