804 A.2d 613 (2002)
354 N.J. Super. 91
STATE of New Jersey
v.
Hoang LE, Defendant.
Superior Court of New Jersey, Law Division, Camden County.
Decided March 19, 2002.
*614 Hoang Le, Pro Se.
Timothy Chatten, Assistant Camden County Prosecutor for the State of New Jersey.
NATAL, J.S.C.
On January 10, 2001, the defendant was arrested for the robbery of the 7-11 Store on Federal Street in Camden, New Jersey. The defendant was indicted for Armed Robbery in the First Degree in violation of N.J.S.A. 2C:15-1; Possession of a Weapon for Unlawful Purpose in the Third Degree in violation of N.J.S.A. 2C:39-4d; and Unlawful Possession of a Weapon in the Fourth Degree in violation of N.J.S.A. 2C:39-5d.
Subsequently, the defendant pled guilty to Count One of the Indictment. On September 21, 2001, this court sentenced the defendant pursuant to the plea agreement for a term of 8 years imprisonment, with 85% of that term to be served without parole eligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2.
On February 27, 2002, the defendant petitioned this court for reconsideration of sentence pursuant to R. 3:21-10(b)(1). The defendant argues that he is entitled to a change of custody into a drug treatment facility because he is a habitual alcoholic. In support of this argument, the defendant cites State v. McKinney, 140 N.J.Super. 160, 355 A.2d 693 (App.Div.1976). The court in McKinney held that *615 "the burden rests upon the applicant to establish that he is an appropriate candidate for relief." Id. at 163, 355 A.2d 693. The court made it clear that the mere assertion that the candidate is an addict or has been accepted to an institution is not enough. Essentially, the applicant must show that he is a drug addict and that he has taken advantage of the prison drugtherapy programs. Moreover, the trial court must find that a change in custody would be in the best interests of society.
Although McKinney roughly outlines the basic requirements for an appropriate candidate to move for a change in custody, the defendant must also satisfy certain procedural requirements. According to R. 3:21-10(b)(1), "[a] motion may be filed and an order may be entered at any time changing a custodial sentence to permit entry of the defendant into a custodial or non-custodial treatment or rehabilitation program for drug or alcohol abuse." Importantly, a motion filed under this section must be "accompanied by supporting affidavits and other such documents and papers as set forth the basis for the relief sought." R. 3:21-10(c).
When an applicant fails to provide adequate documents in support of his motion, the court pursuant to R. 3:21-10(c) may deny an applicant's request for a hearing and rule on the papers. Here, the defendant has not complied with R. 3:21-10(c) and has not met the basic criteria set forth in McKinney. The defendant has failed to submit any affidavits or other documentation to support his claim that he should be transferred to a drug treatment facility. There is no proof that the defendant was ever an alcoholic or completed any prison rehabilitation programs. Additionally, it would not be in the best interests of society to change the defendant's custody as he is deemed a violent offender.
Notwithstanding, this court will decide the defendant's motion on the merits. The issues presented are whether (1) the No Early Release act, N.J.S.A. 2C:43-7.2 mandates a period of parole ineligibility and (2) whether a defendant sentenced under this provision is eligible for a change of custody.
The New Jersey Appellate Court dealt with a similar issue in State v. Mendel, 212 N.J.Super. 110, 514 A.2d 67 (App.Div.1986). In Mendel, the defendant was sentenced under the Graves Act [N.J.S.A. 2C:43-6c]. The Appellate Division held that "when a defendant is serving a sentence required by the Graves Act he may not make an application under R. 3:21-10(b)." Id. at 113, 514 A.2d 67. The Mendel Court reasoned that "R. 3:21-10(b) was never intended to permit the change or reduction of a custodial sentence which is required by law". Therefore, "[w]here a parole ineligibility term is required or mandated by statute, an application may not be granted under R. 3:21-10(b) so as to change or reduce that sentence." Id.
Likewise, this court held that extended term sentence under N.J.S.A. 2C:43-6f requires a mandatory term of parole ineligibility. Therefore, a defendant who has been sentenced to an extended term under N.J.S.A. 2C:43-6f as a repeat drug offender is not eligible for a reconsideration of sentence until the mandatory imposed term of parole ineligibility has been served. State v. DeJesus, 252 N.J.Super. 456, 462, 599 A.2d 1315 (Law Div.1991).
More recently, the Appellate Division held that the parole ineligibility term is mandatory under a school zone conviction, N.J.S.A. 2C:35-7. As a result, a sentence is not subject to modification until the statutory term is served. State v. Diggs, 333 N.J.Super. 7, 9-11, 754 A.2d 561 (App.Div.) certif. denied, 165 N.J. 678, 762 A.2d *616 658 (2000). In Diggs, the Appellate Division reviewed the decision in State v. Des Marets, 92 N.J. 62, 455 A.2d 1074 (1983) in which the Supreme Court held that courts can not change sentences that contained mandatory periods of parole ineligibility under the Graves Act. The Appellate Court noted that the Supreme Court's rationale rested on the fact that the legislature intended an absolute certainty of incarceration under the Graves Act. Id. at 9-10, 754 A.2d 561.
On the other hand, an application for a change or reduction in sentence may be considered when the term of parole ineligibility is imposed as a matter of judicial discretion. State v. Farrington, 229 N.J.Super. 184, 186, 550 A.2d 1301 (App.Div.1988). The Appellate Division in Farrington, held that the trial court only has the discretion to consider a motion for change of custody when the sentence was subject to a discretionary parole term, as opposed to a parole term imposed by statute.
In the instant matter, this court made a specific finding that this crime fell into the purview of the No Early Release Act. The No Early Release Act, N.J.S.A. 2C:43-7.2 in pertinent part states:
(a) A court imposing a sentence of incarceration for a crime of the first or second degree shall fix a minimum term of 85% of the sentence during which the defendant shall not be eligible for parole if the crime is a violent crime as defined in subsection d. of this section.
(d) For purposes of this section, "violent crime" means any crime in which the actor causes death, causes serious bodily injury ... or uses or threatens the immediate use of a deadly weapon ...
The Legislature used the term "shall" when discussing the imposition of the minimum 85% parole ineligibility term. The term "`shall' is generally used in an imperative and not a directory sense.'" State v. DeJesus, 252 N.J.Super. at 460, 599 A.2d 1315 (Law Div.1991). Similarly, the Graves Act [N.J.S.A. 2C:43-6c], the Drug Act [N.J.S.A. 2C:43-6f & 7c] and School Zone Offenses [N.J.S.A. 2C:35-7] each utilize the imperative term "shall" in applying the mandatory minimum terms.
Based on a plain reading of the statute, coupled with the legislative history of the statute and existing case law, this court finds that the No Early Release Act requires a mandatory, not discretionary term of parole ineligibility. The purpose behind this statute is to "increase prison time for offenders committing the most serious crimes in society." State v. Thomas, 166 N.J. 560, 569, 767 A.2d 459 (2001) (quoting the Senate Law and Public Safety Committee, Statement to Senate Bill No. 855 (Apr. 24, 1996)). Therefore, a defendant sentenced under this Act for committing a violent crime may not apply for reconsideration of sentence until the mandatory imposed term of parole ineligibility has been served.
In this case, the defendant robbed a 7-11 store armed with a knife. He demanded the cashier to open the register and give him the money or he threatened he would kill him. This is exactly the type of violent crime addressed by the No Early Release Act. To date, the defendant has served less than six months from the date of sentence. Therefore, a motion to change the defendant's sentence may not be considered until the defendant serves out the full six years and nine months of parole ineligibility.
This court also received the defendant's supplemental certification on March 15, 2002. This certification bears no relevance *617 to any factors considered for a motion for change of custody. Therefore, the court will not address this certification.
Therefore, the motion for reconsideration of sentence is hereby DENIED.