894 A.2d 105 (2006)
384 N.J. Super. 191
STATE of New Jersey, Plaintiff-Respondent,
v.
Chretien BROWN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted December 20, 2005.
Decided March 27, 2006.
Yvonne Smith Segars, Public Defender, attorney for appellant (Louis H. Miron, Designated Counsel, of counsel and on the brief).
James F. Avigliano, Passaic County Prosecutor, Christopher W. Hsieh, Senior Assistant Prosecutor, of counsel and on the brief.
*106 Before Judges COBURN, COLLESTER and LISA.
The opinion of the court was delivered by
COLLESTER, J.A.D.
This case raises the issue of whether, under the Graves Act, N.J.S.A. 2C:43-6(c), the imposition of a minimum term fixed by the sentencing court in excess of one-third of the sentence for the predicate crime is mandatory, and thereby not subject to modification, or discretionary so as to permit consideration of a motion for change of sentence to a drug treatment program pursuant to R. 3:21-10(b)(1).
On October 20, 1995, defendant Chretien Brown and Travis Gillispie entered a Chinese take-out restaurant in Paterson to commit an armed robbery. Both men were wearing hoods. Defendant carried a sawed-off shotgun. He held two employees at bay while Gillispie grabbed the cash register. Defendant fired the shotgun prior to fleeing, wounding both employees and causing serious and permanent injury to one. The proceeds of the armed robbery amounted to $29 and change.
The police investigation led to Gillispie, who confessed and implicated defendant. After being charged in a twelve-count indictment, defendant entered a retraxit plea of guilty on May 5, 1997, to attempted murder, contrary to N.J.S.A. 2C:5-1 and 2C:11-3, and first-degree robbery, contrary to N.J.S.A. 2C:15-1 and 2C:2-6. The State agreed to dismiss the remaining counts of the indictment and recommend a sentence not to exceed twenty years incarceration and a ten-year period of parole ineligibility. The defendant was sentenced on June 26, 1997. The sentencing judge found as aggravating factors the risk that defendant would commit another offense based on his criminal history and past failures to abide by rules of probation, N.J.S.A. 2C:44-1(a)(3), his extensive involvement with the criminal justice system at age twenty-four, N.J.S.A. 2C:44-1(a)(6), and the need for deterrence in light of defendant's prior criminal conduct, N.J.S.A. 2C:44-1(a)(9). The judge found no mitigating factors. Consistent with the plea bargain, the sentence for attempted murder was twenty years with a mandatory minimum of ten years pursuant to the Graves Act, and a concurrent sentence for armed robbery. Defendant's appeal of his sentence was heard by us on December 7, 1998, and was subsequently denied.
In October 2003, defendant filed a pro se motion under R. 3:21-10(b)(1) for a change of sentence to permit him to enter a drug treatment program. The State opposed on grounds that defendant was not entitled to a change or reduction until he completed the ten-year parole ineligibility term. Defendant appeals from the order denying his application.
The Graves Act provides:
A person who has been convicted under 2C:39-4(a) of possession of a firearm with the intent to use it against the person of another ... while in the course of committing or attempting to commit the crime, including the immediate flight therefrom, used or was in possession of a firearm ... shall be sentenced to a term of imprisonment by the court. The term of imprisonment shall include the imposition of a minimum term. The minimum term shall be fixed at, or between, one-third and one-half of the sentence imposed by the court or three years, whichever is greater ... during which the defendant shall be ineligible for parole.
[N.J.S.A. 2C:43-6(c).]
The Graves Act mandates "absolute certainty" of incarceration for those committing or attempting to commit *107 crimes and arm themselves with guns." State v. Des Marets, 92 N.J. 62, 88, 455 A.2d 1074 (1983). No weighing of aggravating and mitigating factors can result in a sentence less than that provided by the Act or a suspended sentence. Id. at 71-72, 455 A.2d 1074.
Under R. 3:21-10(b)(1) an order may be entered at any point of a custodial term to permit a defendant to enter a treatment or rehabilitation program for drug or alcohol addiction. Accord, State v. Jefimowicz, 119 N.J. 152, 574 A.2d 428 (1990) (no judicial discretion as to extended terms under Graves Act); State v. Towey, 114 N.J. 69, 77, 552 A.2d 994 (1989) (no judicial discretion in mandating sentencing structure of Graves Act). However, when a parole ineligibility minimum term is required by statute, a court has no jurisdiction to consider a R. 3:21-10(b) application. State v. Mendel, 212 N.J.Super. 110, 113, 514 A.2d 67 (App.Div.1986) (Graves Act); State v. Diggs, 333 N.J.Super. 7, 10, 754 A.2d 561 (App.Div.), certif. denied, 165 N.J. 678, 762 A.2d 658 (2000) (parole ineligibility term pursuant to N.J.S.A. 2C:35-7); cf. State v. Le, 354 N.J.Super. 91, 96, 804 A.2d 613 (Law Div.2002) (no entitlement to reconsideration of sentence until completion of mandatory term of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:35-7.2); State v. DeJesus, 252 N.J.Super. 456, 462, 599 A.2d 1315 (Law Div.1991) (same as to mandatory term for repeat drug offenders under N.J.S.A. 2C:43-6(f)); State v. Verducci, 199 N.J.Super. 329, 334, 489 A.2d 715 (App.Div.), certif. denied, 101 N.J. 256, 501 A.2d 926 (1985) (in appropriate circumstances a custodial sentence may be amended to permit the release of a defendant because of a mental infirmity).
In State v. Mendel, supra, 212 N.J.Super. at 113, 514 A.2d 67, we distinguished between mandatory minimum parole ineligibility terms and discretionary parole ineligibility sentences when the sentencing judge is clearly convinced that the aggravating factors of N.J.S.A. 2C:44-1(a) substantially outweigh the mitigating factors under N.J.S.A. 2C:44-1(b).
An application may be made under R. 3:21-10 when the defendant is serving a parole ineligibility term imposed by the court but not required by statute as a mandatory sentence. When defendant is serving a period of parole ineligibility imposed as a matter of discretion, the court can consider an application under R. 3:21-10(b) in accordance with the standards for consideration of such an application.... However, a sentence cannot be changed or reduced under R. 3:21-10(b) below the parole ineligibility term required by statute.... R. 3:21-10(b) was never intended to permit the change or reduction of a custodial sentence which is required by law.
[Id. at 112-13, 514 A.2d 67. (Citations omitted.)]
In State v. Farrington, 229 N.J.Super. 184, 186, 550 A.2d 1301 (App.Div.1988), the defendant received a twenty-year term with a five-year parole ineligibility term on a conviction for armed robbery with a knife. We held that since the conviction was for a non-Graves offense, the parole ineligibility term imposed was discretionary in nature and thus there was jurisdiction to consider a R. 3:21-10(b)(1) application prior to the expiration of the parole disqualifier. Ibid.
Here the sentencing judge imposed the maximum incarceration of twenty-years for the first-degree crime of attempted murder. Under the Graves Act the defendant had to be sentenced to a mandatory minimum parole ineligibility term "fixed at, or between, one-third and one-half of the sentence imposed," N.J.S.A. 2C:43-6(c), that is, "at, or between," *108 six and two-thirds years and ten years. When the sentencing judge determined the maximum base sentence of twenty years was proper after weighing the statutory aggravating and mitigating factors, he was not required by the Graves Act to impose a parole disqualifier of one-half of the base term as opposed to one-third or some other period of years in between. His election to fix a ten-year term was an exercise of his discretion within the narrow parameters of the Graves Act.
Neither the Graves Act nor any other provision of the Code of Criminal Justice authorizing parole ineligibility terms provides specific criteria for a sentencing court to fix the precise period of parole ineligibility. In State v. Towey, supra, 114 N.J. at 76, 552 A.2d 994, the Supreme Court acknowledged that the principled discretion of a sentencing judge may properly determine the length of the Graves Act parole ineligibility period.
[W]hen in the course of a Graves Act crime the presence of a firearm causes, or threatens to cause, serious injury to the victim or others, a sentencing court may appropriately consider that injury or threat of injury, along with all pertinent factors, in fixing the length of the parole ineligibility term. Such consideration does not offend the principle that an element of the offense ordinarily is not to be weighed as an aggravating or mitigating factor. [Citation omitted.] It is the mere possession or use of the firearm that triggers the Graves Act minimum term. Thus, the extent to which injury is threatened or inflicted is a collateral factor, distinct from the conduct that invokes the Graves Act, that is clearly material to the length of the minimum term to be imposed.
[Id. at 83, 552 A.2d 994.]
In this case the Graves Act sentence mandated a minimum period of parole ineligibility "at, or between," six and two-thirds years and ten years, and the determination to impose the maximum ten-year period was an exercise of sentencing discretion clearly based on the conduct of the defendant and the serious injury to one of the victims. Accordingly, we hold that since the defendant has served in excess of the mandatory minimum parole ineligibility term of one-third of his base term and is now serving the narrow discretionary period of his sentence, the trial court has jurisdiction to consider his R. 3:21-10(b)(1) application for modification of his custodial sentence to permit his entry into a substance abuse treatment program in accordance with the standards for consideration of such an application. See, e.g., State v. Priester, 99 N.J. 123, 491 A.2d 650 (1985); State v. Tumminello, 70 N.J. 187, 358 A.2d 769 (1976); State v. Davis, 68 N.J. 69, 84-86, 342 A.2d 841 (1975); State v. McKinney, 140 N.J.Super. 160, 163, 355 A.2d 693 (App.Div.1976).
Reversed and remanded.