**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1518-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSE LUIS SUAREZ,

    Defendant-Appellant.

_____

          Submitted May 8, 2017 — Decided  May 23, 2017

          Before Judges Sabatino and Geiger.

          On appeal from Superior Court of New Jersey,
          Law Division, Hudson County, Indictment No.
          07-04-0573.

          Jose Luis Suarez, appellant pro se.

          Esther Suarez, Hudson County Prosecutor,
          attorney for respondent (Stephanie Davis
          Elson, Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant Jose Luis Suarez appeals the trial court's November 12, 2015 denial of his motion for reconsideration or a change of his criminal sentence.  We affirm.

Defendant was charged in Indictment No. 07-04-0573 with murder, felony murder, and robbery. Following plea negotiations, defendant agreed to and did plead guilty to an amended final charge of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), with the State agreeing to dismiss the Indictment's remaining counts. On January 23, 2009, the trial court sentenced defendant to a custodial term of sixteen years, with an eighty-five percent period of parole ineligibility mandated by the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2. The court also imposed five years of parole supervision, effective upon defendant's release.

Defendant filed a direct appeal of his sentence, which a panel of this court denied in a January 11, 2012 order on the Excessive Sentencing Calendar. The panel specifically noted that it was "satisfied that the sentence is not manifestly excessive or unduly punitive and does not constitute an abuse of discretion." The Supreme Court denied defendant's certification petition. State v. Suarez, 210 N.J. 479 (2012).

Several years later, defendant moved before the trial court in March 2015 seeking to have his sentence reconsidered or reduced. His application was denied by Presiding Criminal Judge Sheila A. Venable in a three-page letter opinion and accompanying order.

Defendant now raises the following points in his brief on appeal:

A-1518-15T4

<u>POINT ONE</u>

THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN FAILING TO RELAX RULE 3:21-10(a)(b)(3) AND/OR (4) IN THE INTEREST OF JUSTICE AND FUNDAMENTAL FAIRNESS AND IN DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF SENTENCE; ALTERNATIVELY, DEFENDANT HAVING MADE A SHOWING OF GOOD CAUSE, THE PROSECUTING ATTORNEY'S FAILURE TO JOIN HIS MOTION WAS A CLEAR ERROR OF JUDGMENT AND ABUSE OF DISCRETION.

<u>POINT TWO</u>

THE TRIAL COURT'S FAILURE TO GRANT DEFENDANT A HEARING SO AS TO AFFORD HIM A FULL AND FAIR OPPORTUNITY TO LITIGATE HIS CLAIM FOR RELIEF AND MAKE ADEQUATE FINDINGS OF FACT AND CONCLUSIONS OF LAW AS REQUIRED BY RULE 3:29 WAS ERROR AND/OR ABUSE OF DISCRETION, DEPRIVING DEFENDANT OF HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS, EQUAL PROTECTION AND FREE ACCESS TO THE COURTS.

Having duly considered these arguments, we affirm the denial of relief substantially for the reasons set forth by Judge Venable.

We add that defendant's motion to reconsider his sentence was untimely because it was filed long past the maximum seventy-five day deadline prescribed by <u>Rule</u> 3:21-10(a). Defendant's circumstances fit none of the timeliness exceptions set forth in <u>Rule</u> 3:21-10(b). Moreover, NERA plainly imposes a mandatory period of parole ineligibility for certain enumerated crimes, including first-degree aggravated manslaughter. <u>N.J.S.A.</u> 2C:43-7.2(d). "[A] sentence cannot be changed or reduced under <u>Rule</u> 3:21-10(b)

3

below the parole ineligibility term required by statute." State v. Mendel, 212 N.J. Super. 110, 113 (App. Div. 1986). There is nothing illegal about defendant's sentence, and he cannot seek to reduce it until he has completed the mandatory parole ineligibility period. The trial court correctly recognized that there was no need to conduct any evidentiary hearing on defendant's meritless arguments.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1518-15T4