**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2947-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DERRICK ROUNDTREE,
a/k/a JAMIL BROWN, MOSES
GODMAK, JEROME MCLUCAS,
JAMIL MCLUCAS, RAKIN
MILBURN, DERRICK REYNOLDS,
and JAMIL TAMYKATO,

     Defendant-Appellant.

_____

Submitted January 28, 2020 – Decided April 22, 2020

Before Judges Fisher and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 96-06-1984.

Derrick Roundtree, appellant pro se.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Stephen Anton

Pogany, Special Deputy Attorney General/Acting
Assistant Prosecutor, on the brief).

PER CURIAM

Derrick Roundtree appeals from the denial of his motion for a change in custody to permit him to enter a drug treatment program pursuant to Rule 3:21-10(b)(1).  Finding no error in the trial court's ruling, we affirm.

Defendant was convicted in 1996 of carjacking, possession of a firearm without a permit and possession of a firearm for an unlawful purpose.  He was sentenced to an aggregate term of fifty years' imprisonment, eighteen without parole eligibility, an extended term having been imposed on the carjacking conviction.

In 2018, after serving more than twenty-two years in prison, defendant made a motion in the trial court for a change in custody to a drug treatment program, citing his "significant history" of alcohol abuse and "severe addiction to illegal drugs."  The State opposed the application, asserting defendant had not demonstrated he remained addicted to drugs.  The State further noted that defendant was denied parole in 2015 and assigned a 120 month future eligibility term, which the State claimed was based on defendant's thirty disciplinary infractions, that he continued to blame others for his crimes and that he had "not yet sufficiently addressed his substance abuse problem."

Judge Ravin reviewed the information submitted on the motion and defendant's arguments and applied the criteria established in State v. Davis, 68 N.J. 69, 86 (1975), namely that the defendant establish he is presently addicted, and that his interests in transferring to a drug treatment outweigh the purposes for which the custodial sentence might reasonably be continued. See State v. McKinney, 140 N.J. Super. 160, 163 (App. Div. 1976). The judge acknowledged "the lifelong psychological consequences of drug addiction" and defendant's "efforts to address his drug problems while incarcerated," but found defendant "put forward no facts to suggest that he is presently addicted to drugs" and no evidence that he has indeed used any drugs during his twenty-two years in State prison. Finding defendant had failed to establish a prima facie showing that he was addicted to drugs, the judge denied the application without a hearing. See R. 3:21-10(c); State v. Le, 354 N.J. Super. 91, 94 (Law Div. 2002).

Defendant appeals, claiming the court's denial of his motion violated his due process rights under the Fourteenth Amendment, although he does not explain why that would be so. He merely argues that he provided the court with numerous certificates of successful completion of programs in prison attesting to "the astonishing efforts" he'd made in "work[ing] on his addiction,"

that he had served his period of parole ineligibility, and that his motion for transfer to a drug treatment program should have been granted.

Having reviewed the record and considered defendant's arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm, substantially for the reasons expressed by Judge Ravin in his opinion of February 5, 2019.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2947-18T4