**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0903-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CARL L. MOORE, a/k/a
CARL T. MOORE,

    Defendant-Appellant.

_____

Submitted March 9, 2021 – Decided March 25, 2021

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 16-07-0102.

Joseph E. Krakora, Public Defender, attorney for appellant (Olivia Moorhead, Assistant Deputy Public Defender, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Mohammad A. Mahmood, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Carl L. Moore appeals from an October 19, 2020 order denying his Rule 3:21-10(b)(2) motion for release due to an illness or infirmity. We affirm.

Defendant was indicted for second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); fourth-degree possession of a defaced firearm, N.J.S.A. 2C:39-9(e); and fourth-degree possession of dum-dum bullets, N.J.S.A. 2C:39-3(f). Prior to the start of his trial, he pled guilty to all three counts and was sentenced to six years of incarceration with a three-and-one-half-year period of parole ineligibility pursuant to the Graves Act, N.J.S.A. 2C:43-6(c). The sentencing judge found no mitigating factors, and found the following aggravating factors applied: N.J.S.A. 2C:44-1(a)(3), the risk that defendant will commit another offense; N.J.S.A. 2C:44-1(a)(6), the extent of defendant's prior criminal record and the seriousness of the offenses of which he has been convicted; and N.J.S.A. 2C:44-1(a)(9), the need for deterring defendant and others from violating the law.

We affirmed defendant's convictions. State v. Moore, Docket No. A-5133-17 (App. Div. April 2, 2020) (slip op. at 22). Defendant remains incarcerated and becomes parole eligible on October 15, 2021.

A-0903-20

In September 2020, defendant filed a motion for release pursuant to <u>Rule</u> 3:21-10(b)(2). He argued his emphysema put him at heightened risk of severe illness if he became infected with COVID-19. In a thorough and well-written decision, Judge Janetta D. Marbrey denied defendant's motion.

Citing <u>State v. Mendel</u>,[1] the judge explained the relief sought was procedurally barred because releasing defendant would "undermine the Graves Act's mandatory parole ineligibility terms and the importance of deterring handgun offenses." The judge found that even without the procedural bar, defendant had presented no evidence warranting relief pursuant to the factors set forth in <u>State v. Priester</u>, 99 N.J. 123 (1985). She noted our Supreme Court recently found the COVID-19 pandemic constituted a change in circumstances under <u>Rule</u> 3:21-10(b)(2).[2] However, after reviewing 125 pages of defendant's medical records, the judge concluded neither the records nor defendant's circumstances warranted his release.

The judge noted defendant

> has been a pack-a-day smoker since 2002. Defendant . . . has had no active treatment for emphysema noted

---

[1] 212 N.J. Super. 110, 113 (App. Div. 1986) (holding "a sentence cannot be changed or reduced under [<u>Rule</u>] 3:21-10(b) below the parole ineligibility term required by statute.").

[2] <u>Matter of Request to Modify Prison Sentences</u>, 242 N.J. 357, 379 (2020).

A-0903-20

in the medical records since intake. Moreover, [d]efendant . . . was tested for COVID-19 using a [saliva] test on May 21, 2020, to which those results were recorded as negative on May 26, 2020. Since intake, [d]efendant has had at least twenty-five contacts with medical/dental services provided by the Department of Corrections which include treatment for acute medical complaints, extensive dental treatment, and medical treatment review. None show any active or ongoing condition that relate to emphysema or any respiratory complaints that could potentially satisfy a showing of the serious nature of a present illness or infirmity, and the deleterious effect of incarceration.

. . . As to his alleged lung condition, [d]efendant . . . presents limited evidence as to the severity or the serious nature of the condition. There is no or limited evidence as to the nature or prognosis of his lung condition, or any imminent effect it has on his health. Moreover, there is no evidence that incarceration[ h]as had any specific deleterious effect on [d]efendant . . . . Though the COVID-19 infection rate in prisons may be higher than in the general public, there is no evidence to indicate any present risk or present seriousness as to these alleged conditions that cannot be adequately treated at the prison.

. . . .

Additionally, [d]efendant . . . does not require emergency life-saving medical intervention only available out-of-state, nor has he alleged that he currently suffers from a life-threatening medical condition.

The judge also found defendant's convictions are severe in nature.

4                                                    A-0903-20

Additionally, the nature of the offense for which [d]efendant . . . is currently sentenced and other aspects of [d]efendant['s] history dictate that, even if he were eligible, there are no conditions of parole supervision or temporary home confinement that can safeguard the health and safety of [d]efendant . . . and the general public. Defendant . . . is currently sentenced for carrying a loaded handgun without a permit. His prior indictable convictions included terroristic threats and unlawful possession of a handgun. The facts of the present matter, coupled with his prior convictions, demonstrate a pattern of weapons possession.

. . . .

The [c]ourt finds that a substantial danger would be posed to the public should [d]efendant . . . be released from custody given the circumstances of his present offenses and criminal history.

Defendant raises the following points on appeal:

POINT I.  APPELLANT IS NOT BARRED FROM RELIEF UNDER RULE 3:21-10B(2) DUE TO PAROLE DISQUALIFIER AS IT DOES NOT REQUIRE A CHANGE OF SENTENCE.

POINT II.  APPELLANT HAS MET THE LEGAL STANDARD FOR RELEASE UNDER STATE V. PRIESTER, HAVING SHOWN THE DELETERIOUS EFFECT INCARCERATION HAS ON HIS HEALTH, DUE TO HIS UNDERLYING MEDICAL CONDITIONS AND ONGOING PANDEMIC, AND SEEKS A NEW HEARING.

Rule 3:21-10(b)(2) provides "[a] motion may be filed and an order may be entered at any time . . . amending a custodial sentence to permit the release

of a defendant because of illness of infirmity of the defendant[.]" A motion for relief under Rule 3:21-10(b)(2) "is committed to the sound discretion of the court." Priester, 99 N.J. at 135 (citing State v. Tumminello, 70 N.J. 187, 193 (1976)). Therefore, we will only reverse if a trial judge relies on an "impermissible basis," considers irrelevant factors, or makes a clear error in judgment. State v. S.N., 231 N.J. 497, 500 (2018).

In Priester our Supreme Court stated:

> The predicate for relief under . . . [Rule 3:21-10(b)] is proof of the serious nature of the defendant's illness and the deleterious effect of incarceration on the prisoner's health. As proof of the devastating effect of prison life on a defendant's health, the court should consider the availability of medical services in prison, including rehabilitative therapy. However, this factor is important only insofar as it tends to establish that without such medical services the defendant's condition will seriously worsen or deteriorate in prison. It is the existence of this serious threat to defendant's physical condition, rather than the prison system's ability to provide beneficial and desirable medical services, including rehabilitative health care, that is determinative of a Rule 3:21-10(b)(2) motion. Therefore, in order to prevail, the prisoner must show that the medical services unavailable at the prison would be not only beneficial . . . but are essential to prevent further deterioration in his health. . . .
>
> Moreover, a prisoner also must show that changed circumstances in his health have occurred since the time of the original sentence. . . .

A-0903-20

. . . The change of circumstances most likely to have occurred between the sentencing and the hearing is the severe deterioration of the prisoner's health. However, the change may also represent a court's securing information about the defendant's health previously unknown to the sentencing court. . . .

In addition to the requirement of a change of circumstances, among other factors we deem relevant to the determination of a [Rule] 3:21-10(b)(2) motion are the nature and severity of the crime, the severity of the sentence, the criminal record of the defendant, the risk to the public if the defendant is released, and the defendant's role in bringing about his current state of health.

[99 N.J. at 135-37.]

We affirm substantially for the reasons set forth in Judge Marbrey's decision. We add the following comments.

Defendant's motion was clearly procedurally barred because he was parole ineligible pursuant to the Graves Act. As we explained in Mendel,

[t]here is a distinction between an ineligibility term required by statute and one imposed as a matter of discretion by the court. An application may be made under [Rule] 3:21-10 when the defendant is serving a parole ineligibility term imposed by the court but not required by statute as a mandatory sentence. When defendant is serving a period of parole ineligibility imposed as a matter of discretion, the court can consider an application under [Rule] 3:21-10(b) in accordance with the standards for consideration of such an application. The court should also, of course, consider the aggravating and mitigating factors which

7

led to the sentence originally imposed including an ineligibility term.

> However, a sentence cannot be changed or reduced under [Rule] 3:21-10(b) below the parole ineligibility term required by statute. [Rule] 3:21-10(b) was never intended to permit the change or reduction of a custodial sentence which is required by law.

[212 N.J. Super. at 112-13.]

Moreover, although the Court in <u>Matter of Request to Modify Prison Sentences</u> stated all inmates in state prisons could seek relief under <u>Rule</u> 3:21-10(b)(2), 242 N.J. at 380, it did not hold the <u>Rule</u> authorizes the release of a prisoner before the completion of a mandatory minimum term established by statute.

Finally, notwithstanding the procedural bar, we have no reason to second guess the judge's application of the <u>Priester</u> factors. Defendant failed to establish that either his medical condition or need for treatment warranted release. The judge's conclusion that defendant's sentence, the severity of his crimes and criminal record, and the concomitant risk to the public militated against his release, was not an abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0903-20