**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2383-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MALACHI W. STATHAM,
a/k/a EVAN STATHAM,

     Defendant-Appellant.

_____

Submitted March 30, 2020 – Decided April 20, 2020

Before Judges Vernoia and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 16-03-0373.

Joseph E. Krakora, Public Defender, attorney for appellant (Dianne Glenn, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Lillian M. Kayed, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Malachi W. Statham appeals from an order denying his post-conviction relief (PCR) petition without an evidentiary hearing. The court denied the petition, finding defendant did not present evidence establishing a prima facie claim his plea counsel was constitutionally ineffective by failing to file an application for Drug Court on defendant's behalf. The record supports the court's determination defendant is legally ineligible for a Drug Court sentence, and, therefore, the failure to file an application for Drug Court did not constitute ineffective assistance of counsel. We therefore affirm.

Defendant pleaded guilty to third-degree possession with intent to distribute a controlled dangerous substance, heroin, within 1000 feet of school property, N.J.S.A. 2C:35-7, pursuant to a plea agreement with the State. Defendant's conviction mandated imposition of "a term of imprisonment," and, under the circumstances presented, required "imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, or three years, whichever is greater, during which . . . defendant shall be ineligible for parole," N.J.S.A. 2C:35-7(a).[1] Defendant signed a plea form

---

[1] N.J.S.A. 2C:35-7(a) includes exceptions to the requirement that a minimum period of parole ineligibility be imposed, but there is no evidence they are applicable here, and defendant does not dispute his conviction required imposition of a mandatory period of parole ineligibility.

on which he acknowledged he was pleading guilty to an offense that required imposition of a minimum period of parole ineligibility, N.J.S.A. 2C:35-7(a), as well as a mandatory extended term sentence of between five and ten years, see N.J.S.A. 2C:43-6(f).[2]  In accordance with the agreement, the court sentenced defendant to a five-year custodial term with three years of parole ineligibility. Defendant did not file a direct appeal.

Defendant subsequently filed a pro se motion for a change of his sentence pursuant to Rule 3:21-10.  He requested the court re-sentence him to Drug Court. The court denied the motion, finding defendant was ineligible for a change of sentence because he had not completed service of his period of parole ineligibility.[3]  See generally State v. Diggs, 333 N.J. Super. 7, 10-11 (App. Div.

---

[2]  Defendant's presentence report is not included in the record on appeal, but the plea court record shows defendant was subject to a mandatory period of parole ineligibility under N.J.S.A. 2C:43-6(f) because he pleaded guilty to a violation of N.J.S.A. 2C:35-7(a), and has a prior conviction for distribution of a controlled dangerous substance in a school zone.  At sentencing, the court summarized defendant's criminal conviction record, noting without objection defendant had a prior conviction for "distribution in a school zone" for which he received a three-year sentence.  Under N.J.S.A. 2C:43-6(f), a defendant convicted under N.J.S.A. 2C:35-7, who has a prior conviction for distribution of a controlled dangerous substance, shall upon application of the State, be sentenced to a mandatory extended term.

[3]  In his PCR petition, defendant also alleged his counsel was ineffective by failing to communicate with him and by failing to "file suppression motions

A-2383-18T3

2000) (explaining a court may not change a defendant's custodial sentence under Rule 3:21-10(b) while he or she serves a period of parole ineligibility imposed under N.J.S.A. 2C:35-7). The court also advised defendant that if he believed his plea counsel did not properly advise him about applying to Drug Court, he should address that issue in a PCR proceeding. Defendant did not appeal from the court's order denying his motion for a change of sentence.

Defendant subsequently filed a PCR petition alleging his plea counsel was ineffective by advising him he was ineligible for Drug Court and by failing to file an application to Drug Court on his behalf. Following the assignment of counsel, the court heard argument on defendant's petition.

In a detailed and thorough written opinion, Judge Sheila A. Venable denied the petition without an evidentiary hearing. Judge Venable first explained defendant bore the burden of establishing a prima facie claim his plea counsel did not provide effective assistance under the two-prong standard established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). More particularly, the judge noted defendant had the burden to "show that (1)

___

challenging the search of his vehicle that [led] up to [his] arrest." Defendant did not provide any facts or evidence supporting those claims and does not challenge the PCR court's implicit rejection of them.

A-2383-18T3

counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." See Strickland, 466 U.S. at 687-88.

Citing our Supreme Court's decision in State v. Clarke, 203 N.J. 166, 174-75 (2010), the judge also noted there were two tracks for admission to Drug Court, explaining Track One requires satisfaction of the conditions for special probation under N.J.S.A. 2C:35-14, and Track Two requires qualification for probation under other provisions of the Code of Criminal Justice and the requirements of the Administrative Office of the Courts' "Manual for Operation of Adult Drug Courts in New Jersey" (July 22, 2002) (2002 Manual). Judge Venable found defendant's plea counsel's alleged error in failing to file a Drug Court application did not constitute deficient performance under the first prong of the Strickland standard because defendant's prior conviction for aggravated assault rendered him legally ineligible for admission to Drug Court.[4] See N.J.S.A. 2C:35-14(a)(7) (providing a defendant is ineligible for a special

---

[4] The PCR judge found defendant had two prior convictions for aggravated assault. Defendant does not challenge the court's finding. The record shows that at defendant's sentencing, the court stated without objection defendant's prior ten convictions for indictable offenses included a conviction for "aggravated assault with a firearm."

5

probation Drug Court sentence under Track One if "previously convicted . . . for . . . aggravated assault"); State v. Hyland, 238 N.J. 135, 148 (2019) (explaining a court has no authority to impose a special probation Drug Court sentence under Track Two where the defendant is disqualified under N.J.S.A. 2C:35-14(a)(7)); see also 2002 Manual, Article III, Section B(1) (providing a defendant who is not eligible for Track One special probation Drug Court under N.J.S.A. 2C:35-14 is also ineligible under Track Two if he or she has "been previously convicted . . . for . . . aggravated assault").[5]

---

[5]  As we explained in State v. Figaro, __ N.J. Super. __, __ (App. Div. 2020) (slip op. at 2), the 2002 Manual was replaced in 2019 with the "New Jersey Statewide Drug Court Manual" (2019) (2019 Manual).  The 2019 Manual modified the eligibility criteria for defendants seeking admission to Drug Court under Track Two, and, in pertinent part, eliminated the disqualification for Track Two applications based on prior convictions for aggravated assault. Figaro, __ N.J. Super. at __ (slip op. at 16-18).  The standards established in the 2019 Manual are inapposite to our determination of defendant's PCR claim, however, because defendant pleaded guilty and was sentenced in 2017, and we evaluate the reasonableness of his plea counsel's performance under the prevailing professional norms "as of the time of counsel's conduct." State v. Gaitan, 209 N.J. 339, 350 (2012) (quoting State v. Castagna, 187 N.J. 293, 314 (2006)).  We do not, however, suggest defendant would be eligible for Track Two admission to Drug Court under the 2019 Manual because defendant was, and is, ineligible for an additional reason unrelated to his prior conviction for aggravated assault.  Although not referenced by the court, defendant was, and is, ineligible for Track Two admission to Drug Court under N.J.S.A. 2C:35-14 because, he was convicted of an offense for which he was subject to a mandatory extended term and a minimum period of parole ineligibility.  Thus, he was not "eligible for probation in accordance with N.J.S.A. 2C:45-1," and therefore

A-2383-18T3

Judge Venable determined that because he was disqualified from admission to Drug Court, defendant failed to demonstrate his counsel's performance was deficient by failing to file a Drug Court application. The judge concluded plea counsel's failure to file a meritless application to Drug Court is not ineffective assistance of counsel. See, e.g., State v. O'Neal, 190 N.J. 601, 619 (2007) (holding "[i]t is not ineffective assistance of counsel for defense counsel not to file a meritless motion . . . ."); State v. Worlock, 117 N.J. 596, 625 (1990) ("The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel.").

Thus, the judge found defendant failed to satisfy the first prong of the Strickland standard, and she entered an order denying defendant's PCR petition without an evidentiary hearing. This appeal followed.

Defendant presents the following argument for our consideration:

[POINT I]

THE PCR COURT ERRED IN ITS DETERMINATION THAT TRIAL COUNSEL'S REFUSAL TO SUBMIT DEFENDANT'S APPLICATION FOR ADMISSION INTO DRUG COURT PURSUANT TO N.J.S.A. 2C:35-14 DID NOT

---

ineligible for Track Two admission to Drug Court under N.J.S.A. 2C:35-14. See State v. Meyer, 192 N.J. 421, 431-32 (2007) (explaining defendants must qualify for probation under N.J.S.A. 2C:45-1 for a Track Two admission to Drug Court).

AMOUNT TO INEFFECTIVE ASSISTANCE OF COUNSEL.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004) (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). The de novo standard of review applies to mixed questions of fact and law. Id. at 420. Where, as here, an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421.

On appeal, defendant reprises the argument he made before the PCR court. He asserts his plea counsel was ineffective by failing to file a Drug Court application prior to, or following, entry of his plea. We find defendant's argument lacks sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), and affirm substantially for the reasons set forth in Judge Venable's written opinion. We note, as did the PCR judge, defendant was ineligible for Drug Court in 2017, and his counsel was therefore not ineffective by failing to file a meritless application. See, e.g., O'Neal, 190 N.J. at 619; Worlock, 117 N.J. at 625. Because he failed to present evidence showing his counsel's performance was deficient, defendant failed to sustain his burden under the first prong of the Strickland standard. Strickland, 466 U.S. at 687-88.

A-2383-18T3

We also observe defendant did not satisfy the second prong of the Strickland standard.  Ibid.  To satisfy the second prong, a defendant claiming ineffective assistance of counsel in connection with the entry of a guilty plea must demonstrate that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial," State v. DiFrisco, 137 N.J. 434, 457 (1994) (first quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973); then quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985) (alteration in original)), and that "it would have been rational for [the defendant] to decline the plea offer and insist on going to trial and, in fact, that he [or she] probably would have done so," State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (citing Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).  Defendant's submissions to the PCR court are bereft of evidence addressing or satisfying this requirement of the Strickland standard.

Defendant's failure to satisfy both prongs of the Strickland standard requires the denial of a PCR petition.  Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 52; see also State v. Preciose, 129 N.J. 451, 463 (1992) ("To establish a prima facie claim of ineffective assistance of counsel, a defendant must demonstrate the reasonable likelihood of succeeding under the" Strickland standard).  His failure to establish a prima facie claim of ineffective assistance

of counsel further required rejection of his request for an evidentiary hearing. Preciose, 129 N.J. at 462-63.

Any argument made by defendant we have not expressly addressed is without sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION