**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4205-19T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARION JACOBS,

     Defendant-Appellant.

_____

Submitted September 23, 2020 – Decided October 7, 2020

Before Judges Fuentes and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Indictment No. 86-06-0284.

Joseph E. Krakora, Public Defender, attorney for appellant (Bradley A. Suiters, Assistant Deputy Public Defender, of counsel and on the brief).

John T. Lenahan, Salem County Prosecutor, attorney for respondent (David M. Galemba, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Marion Jacobs appeals a July 15, 2020 order denying a motion to amend his sentence and permit his release for medical reasons pursuant to Rule 3:21-10(b)(2). We affirm.

Following a jury trial in 1986, defendant was found guilty of five counts of first-degree armed robbery, N.J.S.A. 2C:15-1. Defendant was sentenced to an aggregate term of life imprisonment, with twenty-five years of parole ineligibility as a persistent offender, N.J.S.A. 2C:44-3(a), consecutive to the ten- to twenty-year sentence he was serving in Pennsylvania. He becomes parole eligible on November 6, 2026.

Defendant moved for release from the remainder of his custodial sentence due to the COVID-19 pandemic, arguing he suffers from diabetes and hypertension and that these medical conditions and his age place him at risk. The motion judge issued a written decision denying defendant's application. The judge considered defendant's submissions, including: prison medical documentation; the declarations of two medical doctors; the Department of Corrections (DOC) Inmate Lookup Page; defendant's presentence report; and his 1986 judgment of conviction.

Quoting our decision in State v. Mendel, the motion judge recognized "[w]here a parole ineligibility term is required or mandated by statute, an

application may not be granted under R[ule] 3:21-10(b) so as to change or reduce a sentence." 212 N.J. Super. 110, 113 (App. Div. 1986). Because defendant is serving a mandatory term of imprisonment[1] the judge accordingly denied his motion. In doing so, the judge rejected defendant's argument that our reasoning in Mendel was limited to applications under subsection (b)(1) of the Rule, which seek a change in custodial sentence to a rehabilitation or treatment center.

For the sake of completeness, the motion judge also considered whether defendant qualified for medical release under the factors outlined by our Supreme Court in State v. Priester, 99 N.J. 123 (1985). These factors require a court to consider: (1) "the availability of medical services in prison" to the extent that "without such medical services, the defendant's condition will seriously worsen or deteriorate in prison"; and (2) the existence of "changed circumstances" in the defendant's health "since the time of the original sentence." Id. at 135-36.

Following her review of the current risk factors recognized by the Centers for Disease Control and Prevention, the motion judge determined "defendant has

---

[1] Defendant does not contend that his parole ineligibility period was discretionary. See N.J.S.A. 2C:43-7(b); see also State v. Pennington, 154 N.J. 344, 360 (1998) (recognizing that "[a]lthough the decision whether to impose a parole bar on a life sentence is discretionary, once the court decides to impose a parole bar on an extended term of life, that bar must be twenty-five years").

A-4205-19T4

demonstrated that because he has been diagnosed with type 2 diabetes and hypertension, he is at increased risk of severe illness if he contracts COVID-19." Noting the initial onset of defendant's diabetes and hypertension diagnoses was not stated in defendant's medical records, the judge nonetheless recognized our Supreme Court "has determined that the worldwide pandemic (COVID-19) 'amounts to a change in circumstances under . . . Rule[3:21-10(b)(2)],'" thereby satisfying the second Priester factor. In re Request to Modify Prison Sentences, Expedite Parole Hearings, & Identify Vulnerable Prisoners, ___ N.J. ___, ___ (2020) (slip op. at 21).

However, the judge found defendant failed to allege his condition required medical treatment that was unavailable in the prison. Instead, defendant's medical records demonstrate he "is receiving appropriate medical care for diabetes and hypertension, although he has regularly refused the care available to him[,]" including "medication and counseling." Accordingly, the judge found defendant failed to satisfy the first Priester factor.

Turning to several other Priester factors, the motion judge examined the nature and severity of defendant's underlying crime; the severity of his sentence; defendant's criminal record; the risk to the public posed by his release; and defendant's role, if any, in bringing about his current health status. Priester, 99

N.J. at 137. Summarizing the circumstances of defendant's 1986 robbery convictions, the motion judge noted defendant held five people at gunpoint at a grocery store in Alloway Township, forced the victims to the second floor, and stole their money and personal items. The judge also cited defendant's "history of violence," which includes two prior robbery convictions in New Jersey, and theft, attempted murder, robbery and aggravated assault convictions in Pennsylvania.

Recognizing defendant is seventy-two-years old, "confined to a wheelchair and . . . ambulatory for short distances only[,]" the judge nonetheless rejected defendant's contention that these circumstances render him incapable of posing a threat of violence. To support her conclusion, the judge cited the DOC's recent sanctions based on its finding that defendant had assaulted another inmate, N.J.A.C. 10A:4-4.1(a)(1)(ii). The judge noted defendant appealed the DOC's 2019 decision, which included a 181-day administrative segregation, 180-day loss of commutation time, and 30-day loss of phone privileges, and we affirmed. Jacobs v. New Jersey Department of Corrections, No. A-3264-18 (App. Div. Apr. 22, 2020) (slip op. at 2).

Accordingly, the judge found "defendant would pose a risk to the public that would outweigh the risk to him from his continued confinement." We note

that of the Priester factors, "public security must be the paramount goal," because "primary among the hierarchy of governmental objectives is the obligation to protect the citizen against criminal attack."  State v. Verducci, 199 N.J. Super. 329, 335 (App. Div. 1985).  This appeal followed.

Defendant raises the following points on appeal:

POINT I

BECAUSE RULE 3:21-10(B)(2) PROVIDES FOR THE RELEASE OF A DEFENDANT WITHOUT A RESENT[EN]CING A DEFENDANT MAY BE RELEASED NOTWITHSTANDING A PERIOD OF PAROLE INELIGIB[I]LITY.

POINT II

THE MOTION COURT ABUSED ITS DISCRETION AND INCORRECTLY APPLIED RULE 3:21-10(B)(2) AND . . . PRIESTER IN DENYING [DEFENDANT'S] MOTION FOR RELEASE.

Disposition of a motion brought pursuant to Rule 3:21-10(b)(2) "is an extension of the sentencing power," and "is committed to the sound discretion of the court."  Priester, 99 N.J. at 135.  We review decisions granting or denying relief under the rule for abuse of that discretion.  Id. at 137.

Where, as here "a parole ineligibility minimum term is required by statute, a court has no jurisdiction to consider a R[ule] 3:21-10(b) application."  State v. Brown, 384 N.J. Super. 191, 194 (App. Div. 2006).  We do not interpret the

Supreme Court's opinion in In re Request to Modify Prison Sentences, Expedite Parole Hearings, & Identify Vulnerable Prisoners, to overturn settled principles with respect to legislatively mandated minimum parole ineligibility periods. The opinion simply acknowledges that inmates affected by COVID-19 have the ability to file Rule 3:21-10(b)(2) motions but does not alter the legal standards for eligibility for early release. Because defendant has not yet served the statutory minimum term of imprisonment, the motion judge properly denied the motion. See Brown, 384 N.J. Super. at 194; Mendel, 212 N.J. Super. at 113. Accordingly, defendant's statutory ineligibility for parole clearly barred his motion.

Although the motion judge was not required to address the Priester factors in light of the procedural bar, we discern no abuse of discretion here, where the judge found defendant's appropriate medical treatment during incarceration, the availability of such medical care, and the severity of his crime did not warrant early release. Because defendant failed to satisfy the burden necessary to effectuate release from imprisonment under Rule 3:21-10(b)(2), the judge properly applied her discretion in denying the motion. We therefore affirm substantially for the reasons set forth in the motion judge's cogent decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-4205-19T4