**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2674-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEITH MERCER,

    Defendant-Appellant.

_____

Submitted May 14, 2024 – Decided May 21, 2024

Before Judges Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Accusation No. 04-03-0576.

Keith Mercer, appellant pro se.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Keith Mercer appeals from the April 18, 2023 order denying his motion for a reduction or change in his criminal sentence. We affirm.

In March 2004, defendant was charged under Accusation Number 04-03-0576 with two counts of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4a and N.J.S.A. 2C:2-6. That month, he waived his right to indictment and trial, and entered a guilty plea to both counts. On October 28, 2005, the trial court imposed an aggregate sentence of thirty years on each count, to be served concurrently, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

On April 12, 2023, defendant filed a motion seeking a reduction or change in his sentence. Six days later, Judge Guy P. Ryan issued an order and accompanying written opinion, denying defendant's motion as untimely under Rule 3:21-10(a). The judge also found defendant "fail[ed] to satisfy any of the exception[s] to the time bar enumerated in Rule 3:21-10(b)." Further, the judge concluded that although defendant claimed he filed his motion under Rule 3:21-10(b)(3), "the State confirm[ed] it did not join defendant's motion . . . nor was the State aware of this motion."

Additionally, the judge found defendant was "not entitled to appointment of counsel" on his motion because defendant "failed to make a showing of [good] cause as required by Rule 3:21-10(c)." The judge explained that even though

A-2674-22

defendant characterized his motion as a "'joint application' with the State," the State did not join in his motion. Lastly, the judge stated, "oral argument would provide no meaningful benefit" to the court, "and therefore[, the court] decide[d] this matter on the papers."

On appeal defendant raises the following argument:

POINT I

THE [TRIAL] COURT ERRED IN SUMMARILY DENYING DEFENDANT'S MOTION FOR RULE 3:21-10(B)(3) RELIEF WITHOUT AFFORDING THE STATE AN OPPORTUNITY TO BE HEARD[.] THEREFORE, THIS COURT SHOULD REMAND TO DETERMINE WHETHER THE PROSECUTOR WOULD [JOIN] DEFENDANT'S APPLICATION, AND IF SO, RENDER . . . FINDINGS OF FACT AND CONCLUSION[S] OF LAW BASED UPON DEFENDANT'S REHABILITATIVE EFFORT AS DEFENDANT STANDS NOW BEFORE THE COURT.

This argument lacks merit. R. 2:11-3(e)(2). Accordingly, we affirm the challenged order, substantially for the reasons set forth by Judge Ryan in his well-reasoned written opinion. We add the following comments.

A motion for a reduction or change of sentence under Rule 3:21-10 is committed to the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. State v. Tumminello, 70 N.J. 187, 193 (1976). We discern no abuse of discretion here.

Pursuant to Rule 3:21-10(a), "a motion to reduce or change a sentence shall be filed not later than [sixty] days after the date of the judgment of conviction [(JOC)]." However, Rule 3:21-10(b) identifies several potential bases for avoiding the time bar set forth under Rule 3:21-10(a). For example, a trial court can change a sentence "at any time" "for good cause shown upon the joint application of the defendant and prosecuting attorney." R. 3:21-10(b)(3).

We also recognize a defendant is ineligible for a reduction or change of his sentence while still serving a term of parole ineligibility mandated by statute. State v. Brown, 384 N.J. Super. 191, 194 (App. Div. 2006); State v. Mendel, 212 N.J. Super. 110, 112-13 (App. Div. 1986). Thus, until a defendant completes a mandatory period of parole ineligibility "a court has no jurisdiction to consider a [Rule] 3:21-10(b) application." Brown, 384 N.J. Super. at 194.

Here, defendant filed his motion for a reduction or change in sentence "more than seventeen years . . . after the" JOC was entered. In doing so, he relied on the exception set forth under Rule 3:21-10(b)(3). But, as Judge Ryan correctly found, the State did not join in defendant's motion. Moreover, defendant failed "to satisfy any of the [remaining] exception[s] to the time bar enumerated in Rule 3:21-10(b)." Therefore, Judge Ryan properly denied

A-2674-22

defendant's motion and correctly rejected defendant's corollary requests for appointment of counsel and argument on the motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2674-22