# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3872-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DAVID ENGLISHMAN,
a/k/a DAVE ENGLISHMAN,

    Defendant-Appellant.

_____

Submitted September 9, 2024 – Decided September 19, 2024

Before Judges Chase and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 19-06-0621.

Kevin T. Conway, attorney for appellant.

Mark Musella, Bergen County Prosecutor, attorney for respondent (K. Charles Deutsch, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant David Englishman appeals from the denial of his motion for release from custody under Rule 3:21-10 after pleading guilty to N.J.S.A. 2C:40-26(b) and being sentenced to serve 180 days in the Bergen County jail with no parole eligibility. Because New Jersey decisional law precludes relief under Rule 3:21-10 prior to serving a mandatory minimum sentence, we affirm the trial court's denial of defendant's motion. However, since the trial court erred in sua sponte ruling that the Compassionate Release Act (CRA), N.J.S.A. 30:4-123.51(e), was inapplicable to defendant's county jail sentence, we vacate that portion of the trial court's August 4, 2023 order and remand for further proceedings.

## I.

We recount the salient facts as gleaned from the motion record before the trial court. On November 14, 2022, defendant pled guilty to one count of fourth-degree operating a motor vehicle during a period of license suspension, N.J.S.A. 2C:40-26(b). During the plea allocution, defendant admitted this was his second offense for driving while his driver's license was suspended.

Accordingly, on March 10, 2023, the trial court sentenced defendant to 180 days in the Bergen County jail with no eligibility for parole—the mandatory minimum term of incarceration under N.J.S.A. 2C:40-26(c). Defendant was also

sentenced to one year of probation upon release, along with requisite fines and assessments.

On March 21, 2023, the trial court was notified the seventy-nine year old defendant was taken to the hospital due to blood clots, heart issues, and shortness of breath soon after he began serving his sentence.[1] On March 24, 2023, the trial court received a letter from Dr. Michael Hemsley, Medical Director of the Bergen County jail, requesting defendant be considered for release on his own recognizance or home monitoring, due to his medical condition. Dr. Hemsley relayed that defendant suffers from severe chronic obstructive pulmonary disease (COPD) requiring supplemental oxygen, as well as hypertension, hypercholesterolemia, and bilateral deep venous thrombi. On this basis, Dr. Hemsley concluded that release would be in defendant's best interests.

That same day, the trial court sua sponte stayed defendant's sentence, ordered his release from incarceration pending further order, directed defendant to telephonically report to probation, and scheduled an in-person conference with counsel. The stay ordered by the court was contingent on defendant not operating a motor vehicle.

---

[1] The trial court served a copy of the letter received from defendant's son on the State.

On June 9, 2023, the trial court sua sponte directed defense counsel to file a motion for relief under N.J.S.A. 30:4-123.51(e) of the CRA. On June 30, 2023, defendant filed a motion seeking release from his custodial sentence as the result of illness or infirmity pursuant to Rule 3:21-10(b)(2). Specifically, defendant sought "permanent release from his sentence based on his serious health issues and in the interests of justice."

In addition to the written submissions on the motion, the trial court considered defendant's June 28, 2023 letter from defendant's physician, Dr. L.K. Lala, opining that defendant suffered from "thrombophlebitis, hypertension, hypercholesterolemia, COPD with shortness of breath, prostate hypertrophy, arrhythmias, and pedal edema." Dr. Lala requested defendant be given a penalty other than incarceration.[2]

During the August 4, 2023 oral argument, the State agreed to modification of defendant's jail sentence to non-custodial probation given defendant's medical issues and based on the temporary release ordered by the trial court. However, the assistant prosecutor articulated the State's primary concern that defendant had, on multiple occasions, driven while intoxicated with a suspended license, despite his advanced age.

---

[2] Dr. Lala's letter is not included in the parties' appendices.

The trial court orally denied defendant's motion prior to entering a memorializing order, concluding defendant did not qualify for release under Rule 3:21-10(b)(2) because he had not served the mandatory minimum 180 days of incarceration as required under our decisional case law, including State v. Mendel, 212 N.J. Super. 110, 113 (App. Div. 1986). The trial court found there was no alternate statute under which defendant could be sentenced which would not require the same minimum term of confinement.

The August 4, 2023 order also states the trial court sua sponte considered the application of the CRA to defendant and found relief under that statute was precluded since "defendant is not a ward of the Commissioner of the New Jersey State Department of Corrections" based on his mandatory incarceration in the Bergen County jail. The trial court set forth it did not reach the merits of whether defendant would qualify for compassionate release if the CRA did apply to an inmate in a county jail.

With the State's consent, the trial court granted a stay on the custodial portion of defendant's sentence to allow defendant to file the appeal now pending before us.

5

## II.

Defendant argues the trial court erred in denying his motion for release under State v. Chavies, 247 N.J. 245 (2021), and based on the CRA. Defendant's notice of motion and supporting certification filed with the trial court specified it sought "an [o]rder granting release from a sentence of incarceration pursuant to R[ule] 3:21-10(b)(2)." Thus, we begin by reviewing the trial court's denial of defendant's motion for release under Rule 3:21-10(b)(2). On this issue, we affirm.

Rule 3:21-10(b)(2)[3] allows for the amendment of a custodial sentence to permit a defendant's release from custody because of illness or infirmity. Chavies, 247 N.J. at 249. The Rule does not create a judicial furlough program where a defendant is temporarily released for medical treatment and then returned to custody. Rather, the Rule accomplishes a complete release from a custodial sentence with no conditions or supervision. In re Request to Modify Prison Sentences, 242 N.J. 357, 378-79 (2020); see also State v. Priester, 99 N.J. 123, 132 (1985).

---

[3] Rule 3:21-10(b)(2) provides that "[a] motion may be filed and an order may be entered at any time . . . amending a custodial sentence to permit the release of a defendant because of illness or infirmity of the defendant . . . ."

Our review of a trial court's decision to grant or deny a Rule 3:21-10(b)(2) motion requires us to determine whether the trial court abused its discretion. Chavies, 247 N.J. at 257 (quoting Priester, 99 N.J. at 137) (internal quotation marks omitted). "A court abuses its discretion when its 'decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Ibid. (quoting State v. R.Y., 242 N.J. 48, 65 (2020)). Since Rule 3:21-10(b)(2) "offers extraordinary relief" to prisoners, it "must be applied prudently, sparingly, and cautiously." Priester, 99 N.J. at 135.

The Supreme Court has held that Rule 3:21-10(b)(2) cannot be applied to afford relief until a defendant has served the mandatory parole ineligibility period of their sentence. See Chavies, 247 N.J. at 249. "[W]hen a parole ineligibility minimum term is required by statute, a court has no jurisdiction to consider a R[ule] 3:21-10(b) application." State v. Brown, 384 N.J. Super. 191, 194 (App. Div. 2006).

Defendant was sentenced under N.J.S.A. 2C:40-26(c) for a second offense of operating a motor vehicle while his license was suspended for violation of N.J.S.A. 39:4-50. N.J.S.A. 2C:40-26(c) mandates "a fixed minimum sentence of not less than 180 days during which the defendant shall not be eligible for

parole." Defendant served only a few weeks of the mandatory 180-day term before the trial court was apprised of his medical condition and temporarily stayed his custodial sentence. Based upon Chavies and its predecessors, we find no abuse of discretion in the trial court's conclusion that it was precluded from granting defendant release under Rule 3:21-10.

We recognize the State consented to defendant's release under Rule 3:21-10(b)(2) on the record at the conclusion of the August 4, 2023 oral argument. However, neither party proffers controlling case law suggesting relief can be granted under this Rule upon prosecutorial consent, despite non-compliance with statutory and decisional law. Thus, we are constrained to affirm the trial court's denial of defendant's Rule 3:21-10 motion for release.

## III.

We vacate the trial court's sua sponte consideration of the CRA's application to defendant's Rule-based motion as an improper advisory opinion. United States v. Fruehauf, 365 U.S. 146, 157 (1961) (defining an advisory opinion as an "advance expression[] of legal judgment upon issues" that are not before a court in the form of litigation involving concrete claims by adverse litigants); Klier v. Sordoni Skanska Constr. Co., 337 N.J. Super. 76, 83 (App. Div. 2001) (expressly rejecting "a procedure whereby a judge sua sponte,

without notice to a party, resorts to a 'shortcut' for the purposes of 'good administration' and circumvents the basic requirements of notice and opportunity to be heard").

Defendant specifically sought relief under the Rule, not the CRA, as confirmed by defense counsel during oral argument before the trial court. The record does not establish that either party's trial court submissions addressed whether the CRA is an available remedy to defendant, since he was sentenced to incarceration in a county jail rather than a state correctional facility. Nor did the trial court set forth any oral or written analysis of this issue as required under Rule 1:7-4.[4] We, therefore, vacate the portion of the trial court's August 4, 2023 order which sua sponte deemed the CRA inapplicable based on defendant's custodial sentence in a county jail.

It is only on appeal that defendant recasts his request for release as predicated on the CRA. Our Supreme Court has determined that a motion for relief under the CRA is governed by a separate statute and decisional lineage

---

[4] Rule 1:7-4(a), Required Findings, sets forth that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right . . . ."

inapplicable to a <u>Rule</u>-based motion. <u>State v. A.M.</u>, 472 N.J. Super. 51, 73 (App. Div. 2022), <u>aff'd as modified</u>, 252 N.J. 432, 461 (2023).

The CRA, enacted in 2020, is intended to "provide[] for the release of inmates who suffer from a medical condition so severe that they are incapable of committing a crime and, in certain cases, would not pose a threat to public safety if released." <u>A.M.</u>, 252 N.J. at 438; <u>see</u> <u>M.R. v. N.J. Dep't of Corr.</u>, 478 N.J. Super. 377, 380 (App. Div. 2024). The CRA "was designed to expand the use of compassionate release" because, previously, "[i]nmates convicted of certain serious crimes could not apply for relief." <u>A.M.</u>, 252 N.J. at 438. In adopting the CRA, the Legislature intended relief to be available "to all inmates." <u>Ibid.</u>

The CRA requires the New Jersey Department of Corrections (DOC) to

> establish and maintain a process by which an inmate may obtain a medical diagnosis to determine whether the inmate is eligible for compassionate release. The medical diagnosis shall be made by two licensed physicians designated by the commissioner. The diagnosis shall include, but not be limited to:
>
> (1) a description of the terminal condition, disease or syndrome, or permanent physical incapacity;
>
> (2) a prognosis concerning the likelihood of recovery from the terminal condition, disease or syndrome, or permanent physical incapacity;

(3) a description of the inmate's physical incapacity, if appropriate; and

(4) a description of the type of ongoing treatment that would be required if the inmate is granted compassionate release.

[N.J.S.A. 30:4-123.51e(b).]

"If an inmate is diagnosed with a terminal condition or permanent physical incapacity, the [DOC] 'shall promptly issue to the inmate a Certificate of Eligibility for Compassionate Release.'" A.M., 252 N.J. at 441 (quoting N.J.S.A. 30:4-123.51e(d)(2)). "With that certificate, the inmate 'may petition the court for compassionate release' or ask the Public Defender to do so." Ibid. (quoting N.J.S.A. 30:4-123.51e(d)(2) to (3)).

Only after the trial court has been presented with a petition including the statutory certificate of eligibility does it proceed to the final step of analysis, considering

> if . . . by clear and convincing evidence . . . the inmate is so debilitated or incapacitated by the terminal condition, disease or syndrome, or permanent physical incapacity as to be permanently physically incapable of committing a crime if released and . . . the conditions . . . under which the inmate would be released would not pose a threat to public safety.
>
> [N.J.S.A. 30:4-123.51e(f)(1).]

The CRA requires a defendant to comply with the statutory procedure prior to a trial court considering whether the substantive law warrants relief. Beyond the sua sponte oral conclusion the CRA was inapplicable to defendant's county jail sentence, as memorialized in the August 4, 2023 order, there is no record on this issue for us to review on appeal. See Scott v. Salerno, 297 N.J. Super. 437, 447 (App. Div. 1997) ("[A]ppellate review is confined to the record made in the trial court."). Thus, we reject defendant's arguments, made for the first time on appeal, that the CRA should be applied to grant defendant's release from his custodial sentence.

We remand the matter to the trial court for the entry of an order continuing the stay of defendant's custodial sentence pending further order and allowing defendant a finite period of time to file the previously-court ordered CRA motion. After allowing the parties sufficient time to brief the issues and orally argue, the trial court shall proceed to make findings of fact and conclusions of law, setting forth its analysis pursuant to Rule 1:7-4, as to whether the CRA applies to defendant's custodial sentence in the Bergen County jail prior to considering defendant's motion on the merits, if appropriate. The trial court shall consider the State's position on appeal that county jail inmates are eligible

for compassionate release as a form of parole.[5] See N.J.S.A. 30:4-123.51(a) (jail inmate parole eligibility); N.J.S.A. 30:4-123.51e(a) (defendants released on compassionate release grounds "shall be subject to custody, supervision and conditions" of parole); S. Judiciary Comm. Statement to A.2370 (Aug. 4, 2020) (L.2020, c. 106) (compassionate release is "the inmate's parole"); A.M., 472 at 57 (referring to compassionate release as a form of parole). We offer no opinion on the outcome of these further proceedings.

Affirmed in part. Vacated and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] The State also takes the position that although the CRA refers to the Commissioner of Corrections as the entity that ultimately issues a certificate of eligibility, there is nothing in the statute that prevents county jail inmates from seeking a certificate from the Commissioner.

13                                                        A-3872-22